COMMONWEALTH *vs.* JOHN J. S. MANGAN.

Norfolk.    February 3, 1936. — February 25, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Constitutional Law*, Due process of law.  *Arrest.  Motor Vehicle*, Operation.  *Intoxicating Liquor*.

A refusal to grant a request of a person under arrest and charged with operating an automobile on a public way while under the influence of intoxicating liquor, made within four hours of his arrest, for an examination by a physician or some other person who might observe his then condition, did not infringe upon his constitutional right under art. 12 of the Declaration of Rights to produce proofs in his defence.

COMPLAINT, received and sworn to in the District Court of Northern Norfolk on July 19, 1935, charging the defendant with operating an automobile on a public way while under the influence of intoxicating liquor.

On appeal to the Superior Court, the complaint was tried before *R. M. Walsh*, J., a judge of a district court sitting in the Superior Court under statutory provisions. The defendant was found guilty and alleged exceptions.

*C. F. Haywood*, for the defendant.

*R. G. Clark, Jr.*, Assistant District Attorney, for the Commonwealth.

RUGG, C.J.   The defendant was tried to a jury on two complaints, one charging him with being drunk by the voluntary use of intoxicating liquor, and the other charg-

ing him with operating an automobile on a public way while under the influence of intoxicating liquor; each complaint charged that the offence was committed at Dedham on July 12, 1935. These exceptions relate to the latter complaint alone. G. L. (Ter. Ed.) c. 90, § 24. Testimony was given by police officers in considerable detail as to the conduct, appearance and speech of the defendant after he was under arrest and in the police station at Dedham in the evening of the specified day, amply warranting a finding that at that time he was under the influence of intoxicating liquor and was drunk. There was also evidence tending to show that the defendant made many requests and asked that messages be sent for him; that no message was sent for him; that the defendant's mother telephoned about midnight to know what she could do for him, and that the defendant replied to the police officer that it was too late to do anything but asked that she notify his lawyer. The mother testified that she was told that the defendant had no message for her. The defendant testified that on the occasion in question "he had had two or three ten-ounce glasses of beer; that he did not stagger when asked to walk by the arresting officer; that when taken to the police station, he asked if he could have a doctor, that he was told he could" if he was sick; that he requested that his mother, who lived in Lynn, be notified where he was, and thereafter at frequent intervals requested that messages be sent to various people including his mother and his attorney; that a police officer offered at one point to send a message for him but by reason of altercation as to its form refused to transmit it; that after being placed in a cell he "kicked or rattled the bars to draw" the attention of those in the police station; that "he felt the beer he had drunk had a soothing effect on him . . . that by 'felt' he meant that he was conscious of the actual volume of it, that it did not stimulate him, but soothed him." It may be open to doubt whether his testimony as a whole was the equivalent of a denial of the charge.

The only exception is to the denial of a request that a verdict of not guilty be directed on the ground that the

constitutional "right of the defendant to produce all proofs that may be favorable to him has been violated." It is provided by art. 12 of the Declaration of Rights of our Constitution that "every subject shall have a right to produce all proofs, that may be favorable to him . . . and to be fully heard in his defence by himself, or his counsel, at his election." This constitutional guaranty lies at the foundation of liberty under the law and of protection to life and property. It is and must be rigidly enforced. *Fisher* v. *McGirr,* 1 Gray, 1, 35–36. *Commonwealth* v. *Coyne,* 207 Mass. 21. *Powell* v. *Alabama,* 287 U. S. 45. The defendant does not argue that he was not given full privilege to call all the witnesses he desired at his trials or that he was not defended by counsel after sufficient opportunity for conference. The arrest was on July 12, the trial in the district court on July 19, and the trial before the jury on September 18, 19, 1935. It has not been argued that the defendant was not properly arrested or that the evidence presented did not warrant a verdict of guilty.

The full contention of the defendant as stated in his brief is that the asserted constitutional right was denied him because the "essence of the offence of operating a motor vehicle while under the influence of intoxicating liquor is the condition of the defendant *at the time.* Evidence of a person who sees a defendant within four hours of his arrest has a definite probative value as to his condition when arrested. If within this period a defendant is denied access to a doctor, or access to a lawyer or friends who can procure a doctor or other person to observe the defendant's condition, he is denied the right to produce all proofs that may be favorable to him. He is at the mercy of hostile witnesses." There is no requirement of law that one arrested for drunkenness be afforded special opportunities for the preparation and collection of evidence that he is not guilty of that offence. The defendant having been arrested for drunkenness, it was the right, if not the duty, of the arresting officer to keep him "in custody in a suitable place until he has recovered from his intoxication." G. L. (Ter. Ed.) c. 272, § 44. Considerable leniency in

the treatment of such persons is provided by G. L. (Ter. Ed.) c. 272, §§ 45, 46. There is nothing to indicate any failure toward the defendant in these particulars. The rights secured to persons under arrest by G. L. (Ter. Ed.) c. 263 were not violated; they do not include the privilege here asserted by the defendant. Members of the police department or the arresting officer is not required, at the request of a person arrested for a crime of which drunkenness or being under the influence of intoxicating liquor is an element, to procure the attendance within four hours after such arrest of named persons who may become witnesses at his trial. Every constitutional right of the defendant was preserved. *Commonwealth* v. *Wilkins*, 243 Mass. 356. The contention of the defendant (if adopted) would enable one arrested for an offence involving the excessive use of intoxicating liquors but not for some other offence an absolute right, regardless of his actual condition, to command the services of officers having him in custody to summon persons who might testify in his defence. That would establish an unfounded distinction and burdensome practice. To go further and hold that a defendant who had not been given such assistance could not be convicted would obstruct public justice: it would empower a police officer by failing for any reason to furnish such assistance in effect to grant immunity for an offence against the public.

*Exceptions overruled.*