COMMONWEALTH *vs.* WILLIAM POSSEHL.

Suffolk.    March 4, 1969. — April 7, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Bastardy. Practice, Criminal,* Blood grouping test, Expenses in criminal proceeding. *Constitutional Law,* Due process of law, Expenses in criminal proceeding, Blood grouping test.

Under G. L. c. 213, § 8, and c. 280, § 4, a court sitting in a county in which a prosecution is pending of an indigent defendant for getting a woman with child in violation of c. 273, § 11, is authorized to order payment from the county treasury of the cost of the performance of a blood grouping test ordered pursuant to c. 273, § 12A; the Commonwealth is not liable for such payment. [577–578]

The equal protection clause and the due process clause of the Fourteenth Amendment to the Constitution of the United States and Art. 12 of the Declaration of Rights of the Massachusetts Constitution require that a blood grouping test, ordered pursuant to G. L. c. 273, § 12A, on motion of an indigent defendant in a proceeding involving a question of his paternity, be made available to him without charge. [576, 578]

COMPLAINT received and sworn to in the District Court of Chelsea on June 6, 1967.

On appeal to the Superior Court certain questions were reported by *Tauro*, C.J.

*Reuben Goodman* for the defendant.

*Manuel V. McKenney*, Assistant District Attorney (*James J. Gillis, Jr.*, Legal Assistant to the District Attorney, with him), for the Commonwealth.

WILKINS, C.J. The defendant was found guilty in a District Court on a complaint charging him with being the father of an illegitimate child. G. L. c. 273, §§ 11, 12. On October 9, 1967, he appealed to the Superior Court.

On November 15, 1967, the defendant, who is indigent, filed a motion pursuant to G. L. c. 273, § 12A, inserted by St. 1954, c. 232, requesting that blood-grouping tests be performed to determine whether he could be excluded as being the father of the child. The motion was allowed, and a laboratory was designated to perform the tests. On May 7, 1968, before the tests were performed the defendant filed a motion for an order that payment for the tests be paid out of the treasury of Suffolk County. G. L. (Ter. Ed.) c. 213, § 8.

The case is reported, without decision, so far as necessary to present four questions of law[1] which have arisen as a result of the second motion. G. L. c. 278, § 30A, inserted by St. 1954, c. 528.

General Laws c. 273, § 12A, prescribes: "In any proceeding to determine the question of paternity, the court, on motion of the defendant, shall order the mother, her child and

---

[1] "1. Does this court have the power to order payment from the appropriate county treasurer pursuant to G. L. c. 213, § 8, for the performance of blood-grouping tests, ordered pursuant to G. L. c. 273, § 12A, on motion of an indigent defendant? 2. Does this court have the power to order payment by the Commonwealth or an appropriate agency or subdivision thereof, apart from G. L. c. 213, § 8, for the performance of blood-grouping tests, ordered pursuant to G. L. c. 273, § 12A, on motion of an indigent defendant? 3. [Does] the equal protection clause of the Fourteenth Amendment to the Constitution of the United States or the due process clause of the Fourteenth Amendment or both require that blood-grouping tests, ordered pursuant to G. L. c. 273, § 12A, on motion of an indigent defendant, be made available to him without charge for use in accordance with G. L. c. 273, § 12A? 4. Does the Twelfth Article of the Declaration of Rights of the Massachusetts Constitution require that blood-grouping tests, ordered pursuant to G. L. c. 273, § 12A, on motion of an indigent defendant, be made available to him without charge for use in accordance with G. L. c. 273, § 12A?"

the defendant to submit to one or more blood grouping tests, to be made by a duly qualified physician or other duly qualified person, designated by the court, to determine whether or not the defendant can be excluded as being the father of the child."

Under § 12A favorable results of the tests would exclude the defendant from being the father. *Commonwealth* v. *D'Avella*, 339 Mass. 642. The right to obtain the result of such a test is an important right in making a defence against the charge. Its cost cannot be allowed to deprive the defendant of this right. This is the necessary consequence of *Griffin* v. *Illinois*, 351 U. S. 12, *Draper* v. *Washington*, 372 U. S. 487, *Long* v. *District Court of Iowa*, 385 U. S. 192, *Roberts* v. *LaVallee, Warden*, 389 U. S. 40 (transcript cases), and *Smith* v. *Bennett, Warden*, 365 U. S. 708 (filing fee). Similar results have been reached elsewhere. *State* v. *Williams*, 46 N. J. 427 (toxicologist). *People* v. *Montgomery*, 18 N. Y. 2d 993 (transcript). *People* v. *Doherty*, 261 App. Div. (N. Y.) 86 (blood-grouping test).

By G. L. (Ter. Ed.) c. 213, § 8, the courts are empowered to order payment from the respective county treasuries of amounts "for services and expenses incident to their sittings." By G. L. (Ter. Ed.) c. 280, § 4, "Expenses arising in a criminal prosecution . . . shall be paid by the county where the prosecution is pending . . . ."

Under § 8 fees were authorized to be paid by a county to an attorney appointed by the court to represent an indigent defendant in a criminal case. *Abodeely* v. *County of Worcester*, 352 Mass. 719.

The costs of providing blood-grouping tests are fully as clearly "expenses arising in a criminal prosecution" which the county is required to pay. The courts, including the Superior Court and the District Courts, have the power to order such payments. This is a duty quite apart from the Federal Constitution or the Constitution of the Commonwealth, both of which require that the payments be made. See *Pugliese* v. *Commonwealth*, 335 Mass. 471, 474–475. Under our statutory scheme the duty to make such pay-

ments rests upon the counties and not on the Commonwealth. *Abodeely* v. *County of Worcester, supra.* Cf. *State* v. *Rush,* 46 N. J. 399, 414–415.

We answer the questions as follows: Nos. 1, 3, and 4, "Yes." We do not answer No. 2 which refers to "subdivision," a word embracing "county."

The case is remanded to the Superior Court for further proceedings in conformity with this opinion.

*So ordered.*