COMMONWEALTH *vs.* STEPHEN TESSIER.

Middlesex.   December 6, 1976. — February 4, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Expenses in criminal proceeding, "Breathalyzer" test.   *Equal Protection of Laws,* Expenses in criminal proceeding. *Due Process of Law,* Expenses in criminal proceeding.

Where an indigent defendant charged with operating a motor vehicle while under the influence of intoxicating liquor was examined by a certified breathalyzer operator and received a reading of .14, there was no merit to his contention that the provisions of G. L. c. 263, § 5A, and G. L. c. 90, § 24 (1) (*e*), were unconstitutional in that they did not provide for an independent reexamination at public expense. [830-831]

COMPLAINT received and sworn to in the Second District Court of Eastern Middlesex on November 15, 1974.

Upon appeal the case was tried in the First District Court of Southern Middlesex before *Tuttle,* J.

The case was submitted on briefs.

*Elliot Beresen* for the defendant.

*John J. Droney,* District Attorney, *& Peter W. Agnes, Jr.,* Assistant District Attorney, for the Commonwealth.

BRAUCHER, J. An indigent defendant, convicted of operating a motor vehicle while under the influence of intoxicating liquor, was fined $75. He had been informed of his right under G. L. c. 263, § 5A, as appearing in St. 1960, c. 237, "at his expense," to be examined immediately by a physician selected by him, and of his right under G. L. c. 90, § 24 (1) (*e*), as amended through St. 1974, c. 425, "at his expense" to have a blood test by a person or physician selected by him. His bill of exceptions presents the single question whether the charge should have been dismissed because those statutes are unconstitutional as applied to an indigent defendant, since they make no provision for an independent examination or test at public expense. We uphold the statutes and affirm the conviction.

The bill of exceptions discloses the following. At arraignment it was determined that the defendant was indigent at the time of arrest on November 15, 1974. A copy of G. L. c. 263, § 5A, was posted in a conspicuous place in the police station, and the defendant was properly advised of his right, at his request and at his expense, to be examined immediately by a physician selected by him. He was not informed that if he could not afford the cost of such an examination the Commonwealth would pay for it. In accordance with G. L. c. 90, § 24 (1) (*e*), the defendant was informed that he had a right to a blood-alcohol content test; he consented to a breathalyzer test and received a reading of .14 He was informed that he had a right to have another such test or analysis, at his request and at his expense, by a person or physician selected by him, and

was afforded a reasonable opportunity to do so; he was not informed that if he could not afford such an additional test the Commonwealth would pay for it. On the foregoing evidence the judge denied the defendant's motion to dismiss, and the defendant was tried in a District Court before a jury of six on February 6, 1975. At the trial the police officer who administered the blood-alcohol test testified to the test results. The case comes directly here under G. L. c. 218, § 27A, inserted by St. 1972, c. 620, § 1, and under G. L. c. 211A, § 10.

The defendant's argument relates entirely to his pretrial motion to dismiss. Thus we have before us no question as to the propriety of the breathalyzer test or the use of the test results at trial. G. L. c. 90, § 24 (1) (*e*). Cf. *Commonwealth* v. *Bernier,* 366 Mass. 717, 719 n.1 (1975); *Commonwealth* v. *Brooks,* 366 Mass. 423, 424 n.2 (1974); *Commonwealth* v. *Shea,* 356 Mass. 358, 361 (1969). The argument is that a man of means would have a right to an independent blood-alcohol examination at his own expense, and that an indigent defendant cannot be deprived of a like right merely by reason of his lack of means.

Reliance is placed on *Commonwealth* v. *Possehl,* 355 Mass. 575 (1969), and on *Blazo* v. *Superior Court,* 366 Mass. 141 (1974). The *Possehl* case involved blood tests which might have established a complete defense in a paternity case. We ruled (355 Mass. at 577): "The right to obtain the result of such a test is an important right in making a defence against the charge. Its cost cannot be allowed to deprive the defendant of this right."

In the *Blazo* case, we applied the same principle to the fees of the officer serving process on a witness for an indigent criminal defendant, to the fees of the witness for travel and attendance, and to the cost of a stenographer to record the proceedings in a misdemeanor session of the Superior Court. Upon a proper showing that the attendance of a witness is necessary, we held, the judge may order payment by the county of the witness costs. As to stenographer costs, a good faith representation by counsel that a verbatim record is needed is sufficient, in the absence

of an alternative method of recording through officially approved, sophisticated electronic equipment.

The *Possehl* and *Blazo* cases would be more nearly in point if no blood-alcohol examination had been made because the defendant was unable to pay for it, or if a summons for a witness to exculpatory test results were ineffective because of the defendant's inability to pay witness costs. See *State* v. *Johnson,* 87 N.J. Super. 195, 198-199 (1965), and cases cited; Annot., 78 A.L.R.2d 905 (1961). In the present case a test was given by a police officer apparently qualified to give it, with the defendant's consent, and the results were available at trial. A rich man could pay for an independent reexamination even though it was "excessive and therefore pointless expenditure." *Blazo* v. *Superior Court,* 366 Mass. at 145. But the "Constitution does not require a State to equalize economic conditions"; "exact equivalence of opportunity for indigents is not necessarily commanded." *Id.* at 143, 147. Cf. *Commonwealth* v. *Silva, ante,* 819, 821 (1977); *Commonwealth* v. *Britt,* 362 Mass. 325, 331 (1972); *Britt* v. *McKenney,* 529 F.2d 44, 47 (1st Cir. 1976).

The bill of exceptions discloses testimony that the defendant was examined by a certified breathalyzer operator, and that he received a reading of .14. A reading of .10 or more created a "presumption" that he was under the influence of intoxicating liquor. G. L. c. 90, § 24 (1) *(e).* If any situation can be envisaged in which it would be constitutionally unfair to fail to compensate for an indigent defendant's inability to secure further medical testing, this was not such a case. There was no denial either of due process of law or of equal protection of the laws.

*Exceptions overruled.*