COMMONWEALTH vs. STEPHEN M. ALANO.

Worcester. January 6, 1983. — April 26, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Evidence,* Intoxication. *Motor Vehicle,* Operating under the influence. *Constitutional Law,* Right to obtain evidence. *Due Process of Law,* Blood alcohol test.

A person arrested for operating a motor vehicle while under the influence of intoxicating liquor has no right under G. L. c. 90, § 24 (1) (*e*), to have a police administered blood alcohol content test [873-875]; nor does he have such a right under either the State or Federal Constitution [875-878].

Assuming that a person arrested for operating a motor vehicle while under the influence of intoxicating liquor has a constitutional right to procure a police administered blood alcohol content test for himself, that right is satisfied by G. L. c. 263, § 5A, which provides that the arrested person shall have the right, at his request and at his expense, to be examined immediately by a physician selected by him. [875-876]

A person arrested for operating a motor vehicle while under the influence of intoxicating liquor, who had not been given a blood alcohol content test by police because the test apparatus at the police station where the defendant was in custody was broken, was not denied a reasonable opportunity to obtain an independently administered blood alcohol content test for himself where, although the police did not assist him in obtaining an independent test, they immediately informed the defendant of his right to an examination by a physician of his own choosing, and where there was no showing that he was deprived of access to a telephone. [878-880]

COMPLAINT received and sworn to in the Central Worcester Division of the District Court Department on December 3, 1981.

On appeal to the jury session the case was tried before *George,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Douglas L. Fox* for the defendant.

*Joseph C. McGinn,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J.   The defendant was convicted of operating a motor vehicle while intoxicated, in violation of G. L. c. 90, § 24.   Prior to trial, he moved to dismiss the charge based on alleged violations of his constitutional and statutory due process rights.   The sole issue on appeal is the propriety of the denial of his motion.   We took the case on our own motion.

The facts agreed to by the parties, are as follows.   On the evening of December 2, 1981, the defendant was arrested by Worcester police officers and charged with operating a motor vehicle upon a public way while under the influence of intoxicating liquor.   He was informed of his right to have a blood alcohol content test pursuant to G. L. c. 90, § 24 (1) (e).[1]   He consented to and requested a breathalyzer test.

At the police station, the arresting officers discovered that all three breathalyzer machines were unavailable for use because of needed repairs.   The arresting officers then asked their shift commander for permission to transport the defendant to the State police barracks in Holden where a functioning breathalyzer could be used.   Permission was denied.

The defendant was also informed of his right to have a blood alcohol content test performed by a physician selected by him pursuant to G. L. c. 263, § 5A.   He requested such an examination.   However, nothing more was said to him by the police department concerning how he was to obtain such an examination nor was any opportunity extended to him to obtain in fact such an examination.

The only evidence against the defendant concerning the allegation that he was driving under the influence of intoxicating liquor was the arresting officer's personal observations of the defendant at the scene and at the police station.

---

[1] The statute provides that the blood alcohol content test may be performed by a breathalyzer test or by an actual blood test.   Ordinarily the test at issue is the breathalyzer.

The defendant relies on two distinct arguments to support his claim that he is entitled to dismissal of the charge. First, he contends that the police department's failure to administer a breathalyzer test, after he consented, deprived him of his rights under G. L. c. 90, § 24 (1) (*e*), art. 12 of the Massachusetts Declaration of Rights, and the Sixth and Fourteenth Amendments to the United States Constitution. Second, he claims that he was denied a reasonable opportunity to obtain an independent medical examination, in violation of G. L. c. 263, § 5A.[2]

1. *Statutory or Constitutional Right to a Police Administered Blood Alcohol Content Test.*

a. *General Laws c. 90, § 24 (1) (e).* General Laws c. 90, § 24 (1) (*e*), as appearing in St. 1980, c. 383, § 1, provides in relevant part that "evidence of the percentage, by weight, of alcohol in the defendant's blood at the time of the alleged offense, as shown by chemical test or analysis of his blood or as indicated by chemical test or analysis of his breath shall be admissible and deemed relevant to the determination of the question of whether [the defendant was intoxicated]; provided, however, that if such test or analysis was made by or at the direction of a police officer, it was made with the consent of the defendant, the results thereof were made available to him upon his request, and the defendant was afforded a reasonable opportunity, at his request and at his expense, to have another such test or analysis made by a person or physician selected by him." The section also establishes "presumptions" that an individual is not under the influence of intoxicating liquor if the percentage of alcohol in his blood is equal to or less than .05, and that he is under the influence if the percentage is equal to or more than .10.[3]

---

[2] We note that, although G. L. c. 90, § 24 (1) (*e*), and G. L. c. 263, § 5A, are both relevant to the instant case, they have, as will be seen, vastly different purposes.

[3] The "presumption" of intoxication is only evidence from which the jury may infer that the defendant was intoxicated. See *Commonwealth v. Moreira*, 385 Mass. 792, 795 (1982); *Commonwealth v. Brooks*, 366 Mass. 423, 424 n.2 (1974).

Under § 24 (1) (*f*), a driver who operates a motor vehicle upon a public way is deemed to have consented to such a chemical test of his breath or blood, and, if he refuses to take such a test, his license may be suspended for ninety days. However, evidence of his refusal is not admissible against him in a civil or criminal proceeding. G. L. c. 90, § 24 (1) (*e*).

The statute by its terms does not confer a right to a chemical test, such as a breathalyzer, on one arrested for driving under the influence. Rather, it provides that, if the police administer a chemical test, the test is not admissible unless the defendant received the specified protections, including an opportunity to secure an independent test. The use of the word "if" indicates that the police need not administer such a test, and it is clear that a defendant is not entitled to an independent test under this section unless the police first administer one. "[I]f the test is not offered, the state is deprived of its statutory presumptions of intoxication . . . and of its simple administrative remedy of revoking a driver's license upon a refusal to take a test. However, this does not mean that the state has to offer a chemical test but only that the state must prove intoxication by other methods . . . ." *People* v. *Culp*, 189 Colo. 76, 78 (1975) (construing statute similar to Massachusetts statute). See *People* v. *Bies*, 2 Ill. App. 3d 1001, 1003-1004 (1971); *State* v. *Barry*, 183 Kan. 792, 797-798 (1958); *State* v. *Sawyer*, 382 A.2d 1051, 1052 (Me. 1978); *Ewing* v. *State*, 300 So. 2d 916, 920-922 (Miss. 1974); *Hammer* v. *Jackson*, 524 P.2d 884, 887 (Wyo. 1974); Annot., 95 A.L.R. 3d 710 (1979).

We note that the statement of agreed facts refers to the defendant's "right to have a blood alcohol content test pursuant to [G. L. c. 90, § 24 (1) (*e*)]." Since we think it unlikely that the parties intended to agree to the very issue which they argue before us, we assume that the stipulation refers to the defendant's right to consent to a test. Cf. *Commonwealth* v. *Tessier*, 371 Mass. 828, 829 (1977) (similar language). Of course, the defendant's right to a reasonable opportunity to obtain an examination, at his request and ex-

pense, by a physician selected by him, under G. L. c. 263, § 5A, includes a chemical blood alcohol content test. If the defendant secures a test, it is admissible in accord with the provisions of G. L. c. 90, § 24 (1) (e).

We conclude that G. L. c. 90, § 24 (1) (e), does no more than regulate the admissibility and effect of chemical tests of blood alcohol content. If the police administer a blood alcohol content test, the section imposes certain requirements which must be met if the test is to be admissible on the issue whether the defendant was intoxicated. It does not establish a right to a police administered test.

b. *Federal and State Constitutions.* The defendant argues that he had a right to a police administered breathalyzer test based on his rights to "produce all proofs, that may be favorable to him" under art. 12 of the Massachusetts Declaration of Rights, to due process under the Fourteenth Amendment to the Federal Constitution, and to "compulsory process for obtaining witnesses in his favor" under the Sixth Amendment, as applied to the States through the Fourteenth Amendment. *Washington* v. *Texas,* 388 U.S. 14 (1967). See *Chambers* v. *Mississippi,* 410 U.S. 284, 294-295 (1973); *Commonwealth* v. *Bohannon,* 376 Mass. 90, 94 (1978). He reasons that a favorable blood analysis is an effective defense to a charge of driving while intoxicated, particularly since, under § 24 (1) (e), there is a statutory presumption of innocence if chemical tests reveal that the percentage of blood alcohol is less than .05. See *Commonwealth* v. *Moreira,* 385 Mass. 792, 795 (1982); *Commonwealth* v. *Brooks,* 366 Mass. 423, 424 n.2 (1974). Accordingly, he argues that the police department's failure to administer a breathalyzer or other chemical test prevented him from obtaining potentially highly exculpatory evidence, in violation of his basic right to present an effective defense, secured by these State and Federal constitutional provisions.

The defendant's analysis ignores G. L. c. 263, § 5A, as appearing in St. 1960, c. 237, which provides that "[a] person held in custody at a police station . . . charged with operating

a motor vehicle while [intoxicated], shall have the right, at his request and at his expense, to be examined immediately by a physician selected by him. The police . . . shall inform him of said right immediately upon being booked, and shall afford him a reasonable opportunity to exercise it."[4] Section 5A assured the defendant a reasonable opportunity to secure the potentially exculpatory evidence of a chemical test. Assuming that the defendant had a due process right to secure such evidence, his statutory right to an opportunity to obtain an independent examination was sufficient to satisfy any State or Federal constitutional requirements.

Our analysis is consistent with that of every other jurisdiction we have found which has considered the question. The general view is that due process does not require that the police administer a chemical blood alcohol content test to an individual arrested for driving while intoxicated, but only that the accused be given a reasonable opportunity to secure an independent test, at his request and expense.[5] *In re Newbern*, 175 Cal. App. 2d 862 (1959), relied on by the defendant, follows this general view. In *Newbern*, the court held that "[w]hile there is no duty or obligation on the law enforcement agencies to give a blood test . . . the arrested person, on his own behalf, should be entitled to a reasonable opportunity to attempt to procure a timely sample. To refuse him *such reasonable opportunity* is to deny him

---

[4] We note that to the extent that *Commonwealth* v. *Mangan*, 293 Mass. 531, 533 (1936), suggests that a driver arrested for operating a motor vehicle while intoxicated has no right to an opportunity to see his physician, it was negated by St. 1960, c. 237.

[5] *Smith* v. *Cada*, 114 Ariz. 510, 512-513 (1977). *In re Koehne*, 54 Cal. 2d 757, 758-759 (1960). *Brown* v. *Municipal Court of Los Angeles County*, 86 Cal. App. 3d 357, 361-363 (1978). *State* v. *Munsey*, 152 Me. 198, 200-203 (1956). *People* v. *Burton*, 13 Mich. App. 203, 206-207 (1968). *Scarborough* v. *State*, 261 So. 2d 475, 478-479 (Miss. 1972), cert. denied, 410 U.S. 946 (1973). *State* v. *Snipes*, 478 S.W.2d 299, 302-303 (Mo.), cert. denied, 409 U.S. 979 (1972). *Kettering* v. *Baker*, 42 Ohio St. 2d 351, 354 (1975). *State* v. *Lewis*, 266 S.C. 45, 48-49 (1976). *Blaine* v. *Suess*, 93 Wash. 2d 722, 728 (1980). See *Snodgrass* v. *Oklahoma ex rel. Dep't of Pub. Safety*, 551 P.2d 259, 263 (Okla. 1976); *Holland* v. *Parker*, 84 S.D. 691, 694-695 (1970).

the only opportunity he has to defend himself against the charge" (emphasis supplied). *Id.* at 866. The Supreme Court of California further clarified the rule: "It is significant, however, that the law does not impose upon law enforcement agencies the requirement that they take . . . any affirmative action, in procuring the evidence deemed necessary to the defense of an accused. Rather it is the accused who must act to protect his interests, and it is only when he is denied an opportunity, reasonable under the circumstances, to procure a timely sample of his blood that he can properly claim a denial of due process." *In re Koehne,* 54 Cal. 2d 757, 759 (1960), citing *In re Newbern, supra.* See *In re Martin,* 58 Cal. 2d 509, 512 (1962); *Brown* v. *Municipal Court of Los Angeles County,* 86 Cal. App. 3d 357, 361-363 (1978).

We conclude that the defendant was not entitled under either the State or Federal Constitution to have the charge dismissed because the police department did not give him a blood alcohol content test upon request. See *People* v. *Culp,* 189 Colo. 76, 78-79 (1975); *State* v. *Reyna,* 92 Idaho 669, 674 (1968); *Kettering* v. *Baker,* 42 Ohio St. 2d 351, 354 (1975). The police did not administer a breathalyzer test to the defendant because the available machines were inoperable. To require dismissal because machinery proved inoperable would unfairly thwart effective law enforcement. Cf. *People* v. *Bies,* 2 Ill. App. 3d 1001, 1002 (1971) (conviction affirmed where equipment available only at another police station, and police did not accede to defendant's request for a breathalyzer test); *Hammer* v. *Jackson,* 524 P.2d 884, 887 (Wyo. 1974) (conviction affirmed where officer did not administer breathalyzer test because ampoules unavailable). There is no suggestion of bad faith on the part of the police. We are not unmindful of the possible persuasiveness of a blood alcohol content test as a defense to a charge of driving while intoxicated, but we think the accused's interests in this regard are adequately protected by G. L. c. 263, § 5A.

*Commonwealth* v. *Tessier,* 371 Mass. 828 (1977), and *Commonwealth* v. *Possehl,* 355 Mass. 575 (1969), relied on by the defendant, are inapposite. In *Commonwealth* v. *Possehl, supra* at 577, we held that constitutional due process requires that public funds be available to pay for blood tests in paternity cases when a defendant cannot afford to pay. By statute, such tests were available on motion of a defendant in a paternity case. In *Commonwealth* v. *Tessier, supra* at 831, we held that a driver arrested for operating a motor vehicle while intoxicated, and given a blood alcohol content test by the police, was not constitutionally entitled to an independent test if he was unable to pay for it. We stated that "*Possehl* . . . would be more nearly in point if no blood-alcohol examination had been made because the defendant was unable to pay for it." *Id.* The defendant argues that we thereby implied that there is a right, analogous to the right to a blood test in paternity cases, to an initial police administered blood alcohol content test. We disagree. *Tessier, supra,* at most, suggests that one arrested for driving while intoxicated cannot be deprived of a police administered blood alcohol content test because he cannot afford one. It does not establish that such a test is necessary to protect the constitutional rights of a defendant who can afford an independent test.

2. *Reasonable Opportunity Under G. L. c. 263, § 5A.*

We next consider whether the police denied the defendant a reasonable opportunity to exercise his right to an examination by a physician of his choice at his request and expense under G. L. c. 263, § 5A. The issue is whether the defendant was afforded a reasonable opportunity to obtain an independent examination; it is not necessary that such an examination in fact be conducted. The statement of agreed facts states that the police did not say more to the defendant concerning how he was to obtain an examination, beyond informing him of his right to do so, and did not extend an opportunity to him to obtain an independent examination. These facts are sketchy, but they appear to claim only that the police did not help the defendant to obtain an examina-

tion, either by suggesting how he could arrange for an examination by a physician, or by arranging for such an examination themselves. There is no allegation that the police hampered the defendant's attempts to obtain an independent examination. We note that the defendant does not claim that he was denied his statutory right to a telephone call, under G. L. c. 276, § 33A. See *Commonwealth* v. *Jones*, 362 Mass. 497 (1972).

The cases from other jurisdictions, *supra*, concern the scope of a due process, rather than a statutory, right to a reasonable opportunity to have an independent examination, but we find the principles sufficiently analogous to be relevant to our interpretation of the statute. These cases take the view that, while the police cannot hamper the defendant's attempt to obtain a blood alcohol content sample, they need not assist him. Thus, it has been held that the police cannot constitutionally refuse to allow the accused to call a physician, or other person who could arrange for a physical examination. *Smith* v. *Cada*, 114 Ariz. 510, 514 (1977). *In re Newbern*, 175 Cal. App. 2d 862, 866 (1959). *State* v. *Munsey*, 152 Me. 198, 200-203 (1956). See *People* v. *Burton*, 13 Mich. App. 203 (1968) (defendant's due process rights violated when police officer called defendant's physician, was informed that he was unavailable, and failed to advise the defendant that his physician had not been summoned). But it has been held that the police need not take the defendant to a hospital. *In re Martin*, 58 Cal. 2d 509, 512 (1962). *State* v. *Roberge*, 306 A.2d 13, 16-18 (Me. 1973). *State* v. *Snipes*, 478 S.W.2d 299, 302-303 (Mo. 1972). Nor need they locate a physician and take the accused to him, or arrange for a doctor to come to the jail. *Winston* v. *Commonwealth*, 188 Va. 386, 391-392 (1948).

We conclude that under G. L. c. 263, § 5A, the police must not prevent or hinder an individual's timely, reasonable attempts to obtain an independent examination, but they need not assist him. They need only inform him of his rights and allow him access to a telephone. We note, however, that the meaning of a "reasonable opportunity" to ob-

tain an examination may vary depending on the circum-
stances. In appropriate circumstances the police might well
be obliged to allow communication by an accused beyond
the single telephone call required by statute. However, in
the present case there are no allegations of unusual factors.
We conclude that, as there is no evidence that the police
hindered the defendant's attempts to secure an independent
physical examination, or failed to inform the defendant of
his statutory right to such an examination, the defendant
was not denied a reasonable opportunity to obtain an exam-
ination under G. L. c. 263, § 5A. Accordingly, the motion
to dismiss was properly denied and the judgment of convic-
tion is affirmed.

*Judgment affirmed.*