COMMONWEALTH vs. JAMES EARL PAIVA.

Middlesex. June 13, 1983. — August 25, 1983.

Present: BROWN, PERRETTA, & KASS, JJ.

*Practice, Criminal,* Severance, Trial by jury, Trial jury-waived, Jury and jurors. *Motor Vehicle,* Operating under the influence. *Firearms.*

A defendant charged with a number of offenses in criminal complaints was not entitled to have some of the complaints tried to a jury while waiving jury trial on others, where all of the offenses charged stemmed from and were directly related to the defendant's involvement in a traffic accident. [562-563]

The record in proceedings on criminal complaints, including a complaint charging the operation of a motor vehicle while under the influence of intoxicating liquor, did not support the defendant's contention that, prior to consenting to a breathalyzer test, he had not been informed that pursuant to G. L. c. 90, § 24 (1) (e), he could arrange to have another such test or analysis made by a person or physician selected by him. [563-564]

There was no merit to a criminal defendant's contention that he was prejudiced by the judge's appointing a forelady of the jury, and later refusing, over objection, to include her name in the draw to determine the alternate jurors. [564]

COMPLAINTS received and sworn to in the Fourth Eastern Middlesex Division of the District Court Department, one on December 15, 1981, and two on February 9, 1982.

On transfer to the jury session of the Lowell Division, certain motions were heard by *Murphy,* J., and the cases were tried before *O'Leary,* J.

*Brendan L. Hoyt, Jr.,* for the defendant.

*Kevin J. Ross,* Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant appeals from convictions on three of the seven charges contained in four complaints. All of the alleged offenses stemmed from and were directly related to the defendant's involvement in a traffic accident.

In the aftermath of that accident the defendant was arrested for operating a motor vehicle under the influence of intoxicating liquor and that arrest, in turn, led to the discovery of two unauthorized firearms, one of which had been stolen.

None of the questions raised on appeal has merit and only a brief discussion of each is warranted. We thus treat the claims seriatim, pausing only long enough to elaborate on the defendant's claim that, as matter of right, he may demand that some of the offenses with which he has been charged be tried without a jury, and the balance be tried to a jury.[1] As the defendant was found not guilty of receiving stolen property (complaint no. 81-10827, count one), we have no occasion to discuss that charge. Nor is it necessary for us to discuss the specifics of the charges of possession of burglarious instruments and possession of a Class B controlled substance, each of which was dismissed on the Commonwealth's motion, without objection, prior to trial.

1. The defendant had waived his right to a first instance jury trial and was ready to proceed at his bench trial when the Commonwealth moved to amend two of the charges. The defendant objected. The judge denied the motion and dismissed the two charges without prejudice. When the Commonwealth brought new complaints for the same offenses, the defendant demanded his first instance jury trial as to the two new complaints, but the judge determined that the defendant could either proceed entirely in the jury-waived session (on all charges) or claim a jury trial on all charges. The defendant objected and elected a first instance jury trial only on the two new complaints. The judge thereafter transferred all complaints to the jury session. The defendant later requested that all charges be retransferred to the jury-waived session. After hearing, the judge denied the defendant's request. The defendant claims on appeal that in these circumstances he either had a

---

[1] No argument has been made that there is a constitutional right to a nonjury trial. See in this regard, *Singer* v. *United States*, 380 U.S. 24 (1965).

right to split the complaints into jury and nonjury trials, or alternatively, that he had a right to a bench trial on all charges.

The defendant neither understands his rights, nor perceives his circumstances realistically. A defendant is not entitled to two trials as a matter of right, but only to "an impartial trial by jury" (*Singer* v. *United States*, 380 U.S. 24, 36 [1965]), which all parties should hope and strive to make impeccable (cf. *Townsend* v. *Sain*, 372 U.S. 293 [1963]), but, which at least must not be unfair.

What is presented here is simply a question of severance. The decision whether to sever indictments properly joined for purposes of trial rests in the sound discretion of the trial judge. *Commonwealth* v. *Cruz*, 373 Mass. 676, 690 (1977), and cases cited. Beyond the bald conclusory statement that joining all the charges together "could only have adversely reflected upon him in the eyes of the jury," the defendant makes no serious challenge here to joinder. In any event, the standards for joinder were amply satisfied. *Ibid.* All the charges could be proved by evidence connected with a single line of conduct, and grow out of what is essentially one transaction. *Commonwealth* v. *Blow*, 362 Mass. 196, 200 (1972). *Commonwealth* v. *Maloney*, 348 Mass. 610, 613 (1965).

Passing over the defendant's failure to move for or otherwise request any relief from prejudicial joinder pursuant to Mass.R.Crim.P. 9(d)(2), 378 Mass. 860 (1979), we conclude that the defendant provided no legal reason or sufficient factual basis to support his demand that he be tried to a jury on some, but not all, of the charges against him.

2. The defendant asserts that, prior to consenting to the breathalyzer test, he was not informed that by statute he could arrange "to have another such test or analysis made by a person or physician selected by him." G. L. c. 90, § 24(1)(e), as amended through St. 1980, c. 383, § 1. Not only is there no factual support for this claim in the record, the only evidence on this point persuasively indicates a contrary series of events. Contrast *Commonwealth* v. *An-*

*drade*, 389 Mass. 874, 877 (1983) ("It is undisputed that the police officers did not attempt in any fashion to inform the defendant of his right to an independent examination under [G. L. c. 263, § 5A]"). Sergeant Palmer, the arresting officer, informed the defendant that he could be examined by a doctor "to determine how much alcohol was in his bloodstream," and that a local medical facility and doctors were presently available. And Officer Jepson, immediately prior to administering the breathalyzer test to the defendant, advised him of his "right to be examined by a physician of his own choice" and of his "right to have another chemical test at his expense." The record is barren as to any indication that either of those two officers or any other law enforcement personnel did anything to hinder or frustrate any attempt by the defendant to arrange for his own tests. See *Commonwealth* v. *Alano*, 388 Mass. 871, 879-880 (1983).

3. The denial of the defendant's motion for a required finding of not guilty was correct in all respects. Based on what we have already said, the properly admitted result of the breathalyzer test provided sufficient evidence to meet the requisite standard of proof for the drunk driving offense. See, e.g., *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-679 (1979). As to the complaints drawn under G. L. c. 269, § 10(*a*), we need only state that the jury could have found, without the aid of expert testimony, that the guns were "capable of discharging a bullet." *Commonwealth* v. *Stallions*, 9 Mass. App. Ct. 23, 25-26 (1980), quoting from *Commonwealth* v. *Fancy*, 349 Mass. 196, 204 (1965).

4. The defendant asserts that he was somehow prejudiced by certain actions of the judge. At the outset the judge appointed a forelady of the jury, but he later refused, over objection, to include her name in the draw to determine the alternate jurors. The defendant's claim in this regard is totally without substance. The issue has long been settled by the Supreme Judicial Court. See *Commonwealth* v. *Bellino*, 320 Mass. 635, 638-642 (1947). That court, after finding no infirmity in such a procedure as was challenged here, went on to add that it did not "think it important that the foreman was not subject to discharge." *Ibid.*

*Judgments affirmed.*