## COMMONWEALTH *vs.* KEITH C. LINDNER.

Hampden. March 5, 1985. — June 11, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Evidence,* Intoxication, Right to obtain evidence. *Motor Vehicle,* Operating under the influence.

A defendant arrested for operating a motor vehicle while under the influence of intoxicating liquor was not deprived of his statutory right to a reasonable opportunity for an immediate, independently administered test of his blood alcohol content where, although the defendant's blood sample was inexplicably lost or destroyed, nothing in the record suggested that the police prevented him from arranging for an examination by a physician of his own selection, or that, after driving him to a hospital to have the blood drawn, the police acted in any way inconsistent with the defendant's rights under G. L. c. 263, § 5A. [146-147]

There was no merit to a defendant's contention that, by transporting him to a hospital to have a blood sample obtained for an independent analysis of alcohol content pursuant to G. L. c. 263, § 5A, the police had assumed a duty to ensure that the sample would be properly analyzed. [147-148]

COMPLAINT received and sworn to in the Springfield Division of the District Court Department on December 2, 1982.

On appeal to the jury session, a pretrial motion to suppress evidence was heard by *Alvertus J. Morse,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Michael J. Chieco,* Assistant District Attorney, for the Commonwealth.

*Thomas A. Waldron* for the defendant.

HENNESSEY, C.J. This appeal involves an interpretation of G. L. c. 263, § 5A (1984 ed.), a statute which requires the police to afford to an individual, charged with driving while under the influence of intoxicating liquor, "a reasonable opportunity" to be examined immediately by a physician of his own selection. We conclude that, in the circumstances here, the

police have fulfilled their statutory responsibility, and thus that the defendant's motion to suppress the results of his breathalyzer test should have been denied.

The testimony at the hearing on the motion to suppress is summarized as follows.[1] Keith Lindner, the defendant, was arrested by the East Longmeadow police department on December 2, 1982, for operating a motor vehicle while under the influence of intoxicating liquor in violation of G. L. c. 90, § 24 (1) (a) (1) (1984 ed.). The defendant was brought to the police station, where the booking and breathalyzer officer, Patricia Farrell, administered a breathalyzer test. After the test, Officer Farrell informed the defendant of his right, under G. L. c. 263, § 5A, to an independent analysis of his blood performed by a physician of his own selection. The officer told the defendant that any such analysis would be "at his own expense, and [that] he had to come up with someone to do the testing."

The defendant requested that he be allowed to avail himself of the right to an independent analysis of his blood. Accordingly, Officer Peter Dalessio transported the defendant to Wesson Hospital emergency room, where a nurse drew the blood sample. The nurse gave the sample to Officer Dalessio, who then returned to the police station with the defendant. The defendant was placed in a cell. Officer Dalessio then presented the blood sample to the watch commander, who informed Officer Dalessio that the blood sample was the defendant's, and that it should be returned to the hospital for analysis at the defendant's expense. Officer Dalessio returned the blood sample to the hospital, and gave it to the same nurse who had drawn it from the defendant's arm. The nurse stated that she would attempt to have the blood sample analyzed at the hospital, but that the presence of certain stabilizers which are added to prevent spoilage might necessitate sending it elsewhere.

The record is unclear about the fate of the defendant's blood sample after Officer Dalessio left it at the hospital. The defend-

---

[1] The judge made no findings of fact in connection with his allowance of the defendant's motion to suppress. Consequently, we rely here on a transcript of the testimony taken at the suppression hearing. That testimony is not internally inconsistent.

ant testified that, after being placed in a cell, he did not discuss the status of his blood sample with anyone at the police station. Neither the defendant nor the police made any attempt, at the suppression hearing, to explain why the blood sample was not properly analyzed, or why the results of any such analysis were unavailable.

On December 6, 1983, the judge allowed the defendant's motion to suppress the results of the breathalyzer test. The Commonwealth appealed, and we transferred the case to this court on our own motion. The defendant contends that the failure of the police to ensure that the blood sample was properly analyzed deprived him of a "reasonable opportunity" for an immediate, independent medical examination, in violation of G. L. c. 263, § 5A. The defendant further argues that this statutory violation deprived him of his only meaningful opportunity to challenge the result of the breathalyzer test, and thus that the result of that test should be excluded from evidence at his trial. We disagree, and reverse the allowance of the defendant's motion to suppress.

General Laws c. 263, § 5A,[2] requires that the police provide the defendant with "a reasonable opportunity to exercise his right to an examination by a physician of his choice at his request and expense." *Commonwealth* v. *Alano,* 388 Mass. 871, 878 (1983). We have held that, to fulfil their duty under this statute, the police "need not assist" a defendant in obtaining an independent examination, *id.* at 879, but instead "need only inform him of his rights and allow him access to a telephone." *Id.* See *Commonwealth* v. *Andrade,* 389 Mass. 874, 877

---

[2] General Laws c. 263, § 5A, provides, in full: "A person held in custody at a police station or other place of detention, charged with operating a motor vehicle while under the influence of intoxicating liquor, shall have the right, at his request and at his expense, to be examined immediately by a physician selected by him. The police official in charge of such station or place of detention, or his designee, shall inform him of such right immediately upon being booked, and shall afford him a reasonable opportunity to exercise it. Such person shall, immediately upon being booked, be given a copy of this section unless such a copy is posted in the police station or other place of detention in a conspicuous place to which such person has access."

(1983); *Commonwealth* v. *Paiva,* 16 Mass. App. Ct. 561, 564 (1983).

In this case it is clear that the police did nothing to "prevent or hinder" the defendant from obtaining an independent examination under G. L. c. 263, § 5A. *Commonwealth* v. *Alano, supra.* The defendant does not contend that he was inadequately informed of his rights by the booking officer, and nothing in the record suggests that he was ever discouraged or prevented from making arrangements over the telephone for an examination by a physician of his own selection. In fact, the police in this case did far more than they were required to do. After the defendant was informed of his rights, a police officer drove him to the nearest hospital to have the blood sample drawn. Nothing in the record suggests that, after the defendant had been driven to the hospital, the police did anything to encourage the loss of the blood sample, or acted in any way inconsistent with the defendant's statutory rights. On these facts there could be no violation of G. L. c. 263, § 5A.

The defendant claims that, because the police undertook to transport him to the hospital, they encouraged him to believe that they would also safeguard the blood sample and ensure that it was properly analyzed. The defendant further contends that, because of this mistaken belief, he took no further steps to have another blood sample obtained, and thus that he was, in effect, deluded into forfeiting his statutory rights.

The defendant's argument is meritless. First of all, the defendant conceded at the hearing on the motion to suppress that he could not recollect whether the police had ever suggested to him that they would ensure that the blood sample would be analyzed. Instead, the booking officer had told the defendant that "he had to come up with someone to do the testing." Moreover, to accept the defendant's contention that, by driving him to the hospital, the police assumed a further duty to ensure that the test is completed, would simply discourage police attempts to assist such defendants in exercising their right under G. L. c. 263, § 5A. Nor could the defendant complain that, by being placed in a cell, he was deprived of a reasonable opportunity of ensuring that his blood sample was not lost or

destroyed. Nothing in the record suggests that he ever requested that he be allowed to telephone the hospital to assure himself that the blood sample was handled properly. Had he made such a request, nothing in the record suggests it would have been denied. See *Commonwealth* v. *Alano, supra* at 879.

The unexplained loss or destruction of the defendant's blood sample is regrettable. Given the disoriented state of many of those arrested for driving while under the influence, and in order to avoid the kind of confusion reflected in the record before us, it might be advisable for police departments throughout the Commonwealth to establish with local hospitals some procedure for handling blood samples obtained under G. L. c. 263, § 5A. Nonetheless, that statute places primary responsibility for an independent blood test in the hands of the defendant, not the police. See *Commonwealth* v. *Alano, supra* at 878-880. Because the police fulfilled their limited responsibility under G. L. c. 263, § 5A, we reverse the order allowing the defendant's motion to suppress the results of the breathalyzer test, and remand the case for further proceedings not inconsistent with this opinion.[3]

*So ordered.*

---

[3] The defendant has not raised any argument based on due process principles. See, e.g., *Commonwealth* v. *Neal,* 392 Mass. 1, 7-14 (1984); *California* v. *Trombetta,* 467 U.S. 479 (1984).