COMMONWEALTH *vs.* GEORGE R. MADDEN. No. 89-P-238. April 20, 1990. *Motor Vehicle*, Operating under the influence. *Evidence*, Blood alcohol test.

When arrested for operating a car while under the influence of alcohol, the defendant Madden was driving left of the center line, smelled of liquor, was red-eyed and slurry of speech. He failed field sobriety tests (alphabet, nine-step, toe-heel, walk-the-straight-line, one-leg stand). At the police station house he submitted to breathalyzer tests on which the percentage, by weight, of alcohol in his blood registered as .18 and .19. A factor of .10 is sufficient to trigger a statutory presumption of intoxication, G. L. c. 90, § 24(1)(*e*), as amended through St. 1980, c. 383, § 1, and immediate suspension of an accused's driving license at arraignment. G. L. c. 90, § 24N. Madden was convicted of operating under the influence at a jury-waived trial before a judge of the Boston Municipal Court. His appeal raises the question whether G. L. c. 263, § 5A, with which the police complied, provides sufficient notice to a drunk driving defendant that he is entitled to a blood test. The defendant urges two other points which he may not have properly preserved, but we comment on them briefly.

1. *Adequacy of the G. L. c. 263, § 5A, warning.* Under § 5A, inserted by St. 1958, c. 401, a person held in custody for driving under the influence of alcohol is to be informed of the right, "at his request and at his expense, to be examined immediately by a physician selected by him." It is the defendant's contention that being told of a right to a medical examination inadequately informs the person in custody that under G. L. c. 90, § 24(1)(*e*), he or she is entitled to an opportunity to have a blood test performed by a physician of choice and that under G. L. c. 90, § 24N, only an exculpatory blood test can secure restoration of a license suspended at arraignment on the basis of a prima facie showing by the Commonwealth of high blood alcohol levels.

Not the least of the defendant's difficulties with his position is that G. L. c. 263, § 5A, came on the statute books, in 1958, before G. L. c. 90, §§ 24(1)(e) and 24N, were inserted in 1961 (St. 1961, c. 340) and 1986, respectively (the latter as part of the Safe Roads Act of 1986, see St. 1986, c. 620, § 17). It is unconvincing to hold G. L. c. 263, § 5A, to a specificity of reference to methods of testing for intoxication which did not appear in the statutes when G. L. c. 263, § 5A, was originally inserted.

When blood alcohol levels have been at issue, our cases, without discussion, have treated notice under G. L. c. 263, § 5A, of the right to independent and immediate medical examination as adequate to apprise some-

one in custody for "driving under" of that person's rights, among other things to an independent blood test. See *Commonwealth* v. *Alano*, 388 Mass. 871, 874-878 (1983); *Commonwealth* v. *Andrade*, 389 Mass. 874, 875-877 (1983); *Commonwealth* v. *Kelley*, 404 Mass. 459, 463-464 (1989); *Commonwealth* v. *Brazelton*, 404 Mass. 783, 785 (1989); *Commonwealth* v. *Paiva*, 16 Mass. App. Ct. 561, 563-564 (1983); *Commonwealth* v. *Schatvet*, 23 Mass. App. Ct. 130, 138 (1986); *Commonwealth* v. *Carey*, 26 Mass. App. Ct. 339, 343 (1988). Cf. *Commonwealth* v. *Marley*, 396 Mass. 433, 440-441 (1985); *Commonwealth* v. *Mahoney*, 400 Mass. 524, 526 (1987). It is a merit of G. L. c. 263, § 5A, that it alerts a person accused of driving under the influence of intoxicating liquor to the potential value of a medical examination which, in the face of scientific innovation or particular circumstances, may take a form other than a blood test. The statute is inclusive. We may assume that, if an accused calls a physician to seek assistance in rebutting a charge of intoxication, the physician will do a blood test so long as that is the most reliable diagnostic procedure.

To be sure, under G. L. c. 90, § 24N, it is a blood test — not some other diagnostic test — which can rebut the presumption of being under the influence expressed in § 24(1)(*e*). For that reason a blood test, whether chemical or through breath analysis, should be the diagnostic procedure of choice. The police, however, are not obligated to assist accused persons in preparing an optimal defense. They are to afford reasonable opportunity to prepare a defense when an accused, having been alerted to his right to seek assistance from a physician, takes steps to get it. See *Commonwealth* v. *Alano*, 388 Mass. at 879; *Commonwealth* v. *Lindner*, 395 Mass. 144, 146-148 (1985). Nor are police obligated to instruct a person arrested that a positive breathalyzer test result (i.e., showing the subject to be under the influence) will result in a 90-day license suspension. *Commonwealth* v. *Crowell*, 403 Mass. 381, 386 (1988). Although we do not think there is a constitutional obligation upon police to coach persons in custody about what sort of medical test is desirable, it would be sound practice, i.e., beyond constitutional or statutory imperatives, if police were to notify a person taken into custody for driving under the influence of the right to be examined by a physician *and* to have an independent blood test. Cf. *Commonwealth* v. *Doyle*, 392 Mass. 23, 25 (1984); *Commonwealth* v. *Crowell*, 403 Mass. at 383.

2. *Right to presuspension hearing*. The defendant argues the unconstitutionality of G. L. c. 90, § 24N, because it requires suspension of a driver's license, without hearing, upon a prima facie showing of blood alcohol level of .10 or more. The point that § 24N is not facially defective was dealt with in *Commonwealth* v. *Crowell*, 403 Mass. at 385, in which the court assumed that the right to a presuspension hearing, if asked for, exists under § 24N — in addition to the hearing available within ten days to present blood test results contradicting the breathalyzer test. In the instant

case, the defendant was afforded a hearing to rebut the breathalyzer test result at a later date. The defendant does not suggest that he was prejudiced by the delay. The evidence was strong that he was not merely under the influence but, in fact, drunk.

3. *Right to counsel.* The defendant argues the invalidity of § 24N because it requires punishment of a defendant (license suspension) at a time when the defendant is rarely represented by counsel. It is enough to observe that in the instant case the defendant was represented by counsel at arraignment.

*Judgment affirmed.*

*Neal M. Brown* for the defendant.
*Jane A. Donohue*, Assistant District Attorney, for the Commonwealth.