COMMONWEALTH *vs.* DAVID LIVELY. No. 90-P-478. June 28, 1991. *Evidence*, Intoxication, Right to obtain evidence, Breathalyzer test. *Motor Vehicle*, Operating under the influence.

Having been convicted by a jury of six of operating a motor vehicle while under the influence of intoxicating liquor, the defendant appeals, arguing that his motion to dismiss the complaint or suppress breathalyzer

---

evidence should have been allowed. He alleges that the police interfered with his right to be examined by a physician pursuant to G. L. c. 263, § 5A; that he was not advised of the consequences of a breathalyzer test administered under G. L. c. 90, § 24N; and, that the breathalyzer operator was not properly certified.

Except as noted, the facts are not in dispute. Approximately fifteen minutes after his arrest, the defendant was taken to the Leominster State police barracks at 12:50 A.M. on August 16, 1988, and the usual booking procedure was started.[1] Prior to reciting the rights litany to the defendant, a State trooper pointed out a posted, visible copy of various rights, including those afforded by G. L. c. 263, § 5A.[2] The defendant apparently did not avail himself of the opportunity then given him to read the posted rights. Upon being told of his right to counsel, the defendant requested an opportunity to use a telephone. Following several calls by the defendant to various family members and his attorney, lasting approximately fifteen minutes, the booking procedure continued. Recitation of his rights under G. L. c. 263, § 5A, was followed by the defendant requesting to see a physician. The State trooper did not immediately respond to this request, but continued, describing the defendant's rights to a breathalyzer test and to a telephone call. The defendant stated he wanted to take a breathalyzer test but wished to see a physician first. In the course of a brief discussion, the trooper stated that he would be permitted to contact a physician when the breathalyzer test was completed, to which the defendant responded, "Yes, sir, that's fine."

Breathalyzer tests were administered at 1:15 A.M. and 1:19 A.M. Shortly thereafter, the results of the tests, indicating an alcohol level of .10 percent, were communicated to the defendant. The defendant was bailed and released at 1:55 A.M. The court clerk who admitted him to bail arrived at the barracks at 1:35 A.M. The defendant left the barracks with his wife, who had arrived just prior to his being bailed. Directly upon leaving the barracks, the defendant unsuccessfully sought to obtain a blood test at a Leominster hospital.

The defendant testified at the motion hearing that he was denied an opportunity to make a telephone call during the period between the com-

---

[1]The booking procedure was captured on videotape, which was viewed by the motion judge, and a transcript of the audio portion is in our record.

[2]General Laws c. 263, § 5A, as amended through St. 1983, c. 557, states: "A person held in custody at a police station or other place of detention, charged with operating a motor vehicle while under the influence of intoxicating liquor, shall have the right, at his request and at his expense, to be examined immediately by a physician selected by him. The police official in charge of such station or place of detention, or his designee, shall inform him of such right immediately upon being booked, and shall afford him a reasonable opportunity to exercise it. Such person shall, immediately upon being booked, be given a copy of this section unless such a copy is posted in the police station or other place of detention in a conspicuous place to which such person has access."

pletion of the breathalyzer testing and his release on bail. The trooper who was with the defendant in the barracks testified that he did not recall the defendant using a telephone during that period and that he "possibly" may not have permitted the defendant access to a telephone until after he was bailed. The motion judge found that "the defendant was properly advised of all his rights upon arrest and that the only action of the [police] which . . . interfered with the defendant[']s rights, was their insistence that the booking procedure be completed prior to his exercise of those rights."

General Laws c. 263, § 5A, generally requires that the police not unreasonably prevent or hinder a suspect in the exercise of his right to be examined by a physician selected by him. *Commonwealth v. Alano*, 388 Mass. 871, 879 (1983). It is well established that the police need not affirmatively assist a suspect to obtain an independent examination, *Commonwealth v. Rosewarne*, 410 Mass. 53, 55 (1991), but "need only inform him of his rights and allow him access to a telephone." *Commonwealth v. Alano, supra* at 879. The defendant was given an opportunity to read a posted copy of his rights, including those here in issue, at the commencement of the booking procedure which was undertaken shortly after his arrest. Almost immediately thereafter, he was permitted extensive use of a telephone. The direction of a defendant's attention to the posted rights, coupled with access to a telephone, satisfies the police obligation under G. L. c. 265, § 5A. See *Commonwealth v. Andrade*, 389 Mass. 874, 876-877 (1983); *Commonwealth v. Gruska, ante* 940, 941 (1991). The defendant may not now be heard to claim he unreasonably was delayed in the exercise of his right to be examined simply because he chose not to read the posted copy and, therefore, did not assert the right until it was recited to him following his telephone calls.

Moreover, when a defendant, during the course of a booking procedure, opts both to accept an offer of a breathalyzer test and claim his right to an examination by a physician, failure to permit exercise of the latter until completion of the former does not constitute unreasonable interference. The need to avoid stale and perhaps inaccurate breathalyzer test results dictates that delays in testing be avoided. Recognizing these "formidable practical problems," *Commonwealth v. Brazelton*, 404 Mass. 783, 785 (1989), held that a defendant does not have a right to consult an attorney before deciding whether to take a breathalyzer test. We have no reason to assume as a general proposition that a physician could be contacted and convinced to conduct an examination more quickly than a lawyer's advice could be obtained. Therefore, even if we ignore the motion judge's finding of noninterference and the fact that the defendant was permitted to use a telephone after being made aware of the posted rights, the maximum delay that the defendant can claim is for the period between 1:19 A.M., the time of the completion of the last breathalyzer test, and 1:55 A.M., the time of his release. All circumstances should be considered in assessing the reasonableness of police conduct. *Commonwealth v. Alano, supra* at 879-880.

Given that the bail procedure was under way, and that the defendant's wife was at the State police barracks and available to assist him during at least part of that period, we cannot say that a denial of access to a telephone of not more than thirty-six minutes constituted an unlawful interference with the defendant's rights.

The defendant argues that he was not advised, prior to taking the breathalyzer test and in accordance with the provisions of 501 Code Mass. Regs. § 2.55 (1987), that a reading of .10 or greater could result in a suspension of his license to operate a motor vehicle pursuant to G. L. c. 90, § 24N. This argument ignores the motion judge's finding that the defendant was properly advised of his rights at the time of his arrest and the evidence supporting that finding, to the effect that a statement of such consequences was contained in the posted copy which was pointed out to the defendant. As we have indicated, the defendant is bound by the information contained in that posted copy. In any event, police are not obligated to "advise a person arrested for driving under the influence of intoxicating liquor of the consequences" attendant to failing the breathalyzer test. *Commonwealth* v. *Crowell*, 403 Mass. 381, 388 (1988). *Commonwealth* v. *Madden*, 28 Mass. App. Ct. 975, 976 (1990).

Relying on statutory and regulatory provisions declaring invalid breathalyzer tests administered by other than a certified operator,[3] the defendant claims that his test results should have been suppressed. The motion judge heard testimony relating to the certification and training of the trooper who administered the tests, including the trooper's unqualified statement that he was properly certified, and correctly ruled that such evidence concerned the trooper's credibility and competency to administer the tests and, therefore, affected the weight and not the admissibility of the test result evidence. See *Commonwealth* v. *Yameen*, 401 Mass. 331, 336 (1987); *Commonwealth* v. *Cochran*, 25 Mass. App. Ct. 260, 264 (1988).

*Judgment affirmed.*

*Richard J. White* for the defendant.

*Lynn Morrill Turcotte*, Assistant District Attorney, for the Commonwealth.

---

[3]G. L. c. 90, § 24K, and 501 Code Mass. Regs. § 2.03 (1987).