AMERICAN AUTOMOBILE ASS'N, Inc. et al. v. ROTHMAN.

Civ. No. 11350.

United States District Court, E. D. New York.

Feb. 28, 1952.

Leo T. Kissam, New York City, for plaintiffs (Eric Nightingale, New York City, of counsel).

James J. Cally, New York City, for defendant.

BYERS, District Judge.

In the opinion in this case reported in D.C., 101 F.Supp. 193, reference is made to two respects in which defendant's answer was thought to contain matters as to which there was no "good ground" as required by Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C.A., although the pleading was signed by the defendant's attorney. He was requested to submit an explanatory statement in order that the Court might inquire into this subject, and he did so; the statement proved to be unsatisfactory in form and substance, and accordingly the defendant's attorney was invited to appear in person and make a statement in the record, which he has done.

The first subject had to do with the separate defense of alleged violation of the Fair Trade Act of New York as found in

the General Business Law. The defendant testified, when her deposition was taken, that she did not know anything about how the plaintiffs' course of conduct interfered with her business, which statement on its face seemed to be entirely inconsistent with the said pleading. Her lawyer's contention by way of justification, was as to trade confusion and an assertion that the Administrative Code of the City of New York explained and quoted in the companion case against Spiegel, D.C., 101 F.Supp. 185, was really the matter that he relied upon. Since there is a semblance of an issue of law involved in this subject, however tenuous the reasoning, it need not be pursued for present purposes.

The second objection has to do with the counterclaim according to the terms of which the defendant asserted the existence of a written contract between the plaintiff and herself which it was thought her lawyer knew was not in existence.

As the result of the statements made at the hearing, there can be no doubt that from and after August 6, 1951, the defendant's attorney knew that there was no such contract, thus:

"The Court: There came a time when you learned that there was no contract existing between the Automobile Club of New York and Celia Rothman * * *?

"Mr. Cally: There came a time when I ascertained from Mr. Nightingale (counsel to plaintiff) that there was nothing that ran directly to HAA Service Station and Celia Rothman.

"The Court: Did you file an amended answer? Did you take any steps whatever to withdraw the allegation in the counterclaim in Paragraph Sixth that has been read into this record?

"Mr. Cally: Yes, Judge, I did take steps toward that particular thing. I spoke to Mr. Nightingale and I said inasmuch as we have those facts before us now so that I thought of withdrawing the entire counterclaim and Mr. Nightingale said that that would be all right, and then began a barrage of motions * * *."

The fact is that there was but one motion for summary judgment which was made in October of 1951.

The counterclaim was not withdrawn and it was sought to be upheld on the motion for summary judgment, both orally and in the defendant's brief.

The result is that the counterclaim was allowed to stand and the Court was called upon to adjudicate the issue, although the defendant's attorney knew that there was no good ground to support it.

One of the obvious purposes of Rule 11 is to keep out of a case issues that are known to be false by the attorney who signs a given pleading, and the violation of the Rule in this case is clear and unmistakable; this opinion should be filed separately in the office of the Clerk of this Court, and indexed against the name of the defendant's attorney, so that, in the event that his professional conduct in any other connection shall become a subject of inquiry, this case and this record can be referred to for such instruction as it may yield.

The foregoing has been submitted to the other Judges of this Court, and they have approved of it.