Commodore **TILDEN**, Plaintiff-Appellant,

v.

Frank J. **PATE**, Warden, Illinois State Penitentiary, Joliet, Illinois, Defendant-Appellee.

No. 16337.

United States Court of Appeals Seventh Circuit.

Feb. 7, 1968.

---

His suit was brought under Sections 1981 and 1983 of the Civil Rights Act (42 U.S.C. §§ 1981 and 1983) and seeks relief from certain prison conditions. Plaintiff, a Negro, charges that because of racial prejudice, he has been placed in solitary confinement. The other charges of the complaint do not relate to racial discrimination and are not specifically within the purview of the Civil Rights Act.

Promptly after the filing of this complaint, Judge Parsons appointed reputable counsel to investigate plaintiff's allegations and represent him. After reviewing the records and oral and written information transmitted by plaintiff, this lawyer advised him as follows:

> "It is my considered opinion that in the present posture of your case the redress of your grievance, and the relief of your complaints is more properly pursued through administrative channels rather than legal."

Six weeks later, this lawyer withdrew from the case, stating:

> "My desire to withdraw is motivated by the fact that, from the available evidence, your complaint against the prison administration is without basis in fact, and as an officer of the Court I do not intend to urge upon it that which I not only do not believe, but that which, from the evidence, I believe to be false."

Thereafter, in a careful opinion, the District Court granted defendant's motion to dismiss for failure to state a claim upon which relief can be granted, concluding that plaintiff's accusations were frivolous and fictitious.[1] However, the dismissal was without prejudice to plaintiff's filing an adequate complaint. Instead of adopting that course, plaintiff chose to appeal.

When a federal court is asked to grant relief from practices in a state

Commodore Tilden pro se.

William G. Clark, Atty. Gen., of Illinois, Chicago, Ill., for defendant-appellee; John J. O'Toole, Robert F. Nix, Asst. Attys. Gen., of counsel.

Before HASTINGS, Chief Judge, MAJOR, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

CUMMINGS, Circuit Judge.

The plaintiff is an inmate of the State Penitentiary in Joliet, Illinois.

---

1. When attacking false or sham allegations, the more conventional practice is to employ a motion to strike. See 2A Moore's Federal Practice (2d ed.), §§ 11.02 and 12.21. See also American Automobile Association v. Rothman, 104 F.Supp. 655 (E.D.N.Y.1952); Murchison v. Kirby, 27 F.R.D. 14, 19 (S.D.N.Y.1961); United States v. Greater New York Live Poultry Chamber of Commerce, 53 F.2d 518 (S.D. N.Y.1931).

prison, it is the general rule not to interfere with the discretion of the prison administrators. Cooper v. Pate, 382 F. 2d 518, 521 (7th Cir. 1967); Lee v. Tahash, 352 F.2d 970, 971 (8th Cir. 1965). Nevertheless, it is impermissible for prison authorities to discriminate aganst inmates on account of their race or religious faith. Here both appointed counsel and the District Court concluded that plaintiff's allegations were false.[2] On appeal, plaintiff has not shown that these conclusions were erroneous. Therefore, the judgment of the District Court must be affirmed.[3]

---

2. The District Court was fully advised of plaintiff's charges, for a least 25 documents were transmitted to it by plaintiff and were considered before granting the motion to dismiss.

3. As an appendix to his reply brief, plaintiff has filed a motion for production of documents. In view of our affirmance of the District Court's judgment, the motion has become moot and is therefore denied.