**Fred A. CRUZ, Plaintiff,**

v.

**Dr. George BETO, Director, Texas Department of Corrections**

**and**

**Z. E. Harrelson, Warden, Eastham Unit, Texas Department of Corrections, Defendants.**

**Civ. A. No. 70-H-1098.**

United States District Court,
S. D. Texas,
Houston Division.

Dec. 23, 1970.

---

Lonnie W. Duke, Rivera & Ritter, San Antonio, Tex., for plaintiff; Fred A. Cruz, pro se.

Gilbert J. Pena, Asst. Atty. Gen., of Tex., Austin, Tex., for defendants.

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

CONNALLY, Chief Judge.

This civil rights action was filed by plaintiff, a prisoner in custody of the Texas Department of Corrections, in forma pauperis on May 21, 1970, in the United States District Court for the Eastern District of Texas. Leave to proceed in forma pauperis was granted by the Honorable W. Wayne Justice on the same day, and the case was set down for hearing on plaintiff's motion for a preliminary injunction. Before such hearing could be held, the case was transferred to this Court on October 9, 1970. Plaintiff sues for himself and others similarly situated under Rule 23, F.R.Civ.P. for (1) a declaratory judgment pursuant to 28 U.S.C. § 2201, (2) injunctive relief, and (3) money damages in excess of $10,000 under 42 U.S. C. § 1983 for alleged deprivation of his

constitutional rights by reason of defendant's operation of the Texas Department of Corrections. Plaintiff alleges jurisdiction of this Court under 28 U.S. C. § 2201 and 28 U.S.C. § 1343. Plaintiff commenced this action pro se; however, since that time plaintiff has acquired an attorney who has been allowed to amend plaintiff's original complaint in order to clarify and more sharply define the issues involved. The defendants have answered and moved the case be dismissed.

■ The Declaratory Judgment Act, 28 U.S.C. § 2201, is not a grant of jurisdiction to the Federal Courts; rather, it merely makes available an additional remedy in cases of which the Federal Courts have jurisdiction by virtue of diversity and amount in controversy or because of a federal question. Brown and Root, Inc. v. Big Rock Corp., 383 F.2d 662 (5th Cir.1967); C. Wright, Federal Courts § 100, at 449 (1970). However, this Court has jurisdiction of plaintiff's claims under 28 U.S.C. § 1343. Plaintiff's claims are properly grounded upon 42 U.S.C. § 1983; plaintiff complains of defendant's administration of the penal system of the State of Texas pursuant to Tex.Rev.Civ.Stat.Ann. art. 6166(j) (1970). Action taken by state officials in the purported exercise of authority conferred by the state is action under color of state law for purposes of 42 U.S.C. § 1983. Wall v. King, 206 F.2d 878 (1st Cir. 1953) cert. den. 346 U.S. 915, 74 S.Ct. 275, 98 L.Ed. 411 (1953).

■ Plaintiff complains of numerous violations of his constitutional rights by prison officials. First, plaintiff contends he is denied full access to the courts by reason of the prison rules and regulations dealing with the length of time and place where prison inmates may do legal research and writing. Presently, plaintiff is allowed access to his own and state-furnished legal books and paraphernalia only two hours a day, six days a week. Plaintiff contends two hours a day is insufficient to wage his too numerous to mention legal battles in the courts; further, plaintiff feels there should be no restrictions on inmates using their own legal materials in their cells. By his own admissions, plaintiff has not been denied free access to the courts. Rather, his complaint simply seeks more opportunities for plaintiff to engage in legal research in connection with his many court battles. The right of free access to the courts by prison inmates is not unlimited. The amount of time prison officials allot inmates for preparation of legal documents is a matter of prison discipline and security so long as free access to the courts is not impaired. Rules and regulations concerning prison discipline and security are matters of state concern and federal courts will not inquire into them unless in exceptional circumstances. Walker v. Pate, 356 F.2d 502 (7th Cir. 1966), cert. den. 384 U.S. 966, 86 S.Ct. 1598, 16 L. Ed.2d 678 (1966). No exceptional circumstances are presented here. Plaintiff has failed to state a claim upon which relief can be granted. Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969).

■ Plaintiff next challenges the prison regulations restricting his free access to news media and educational material while he is summarily confined to isolation, as opposed to solitary confinement. Plaintiff contends these regulations constitute an invidious discrimination which denies him his First Amendment rights to stay informed of national and state affairs. Plaintiff has no First Amendment right to remain informed of world affairs while in prison. Such matters as plaintiff complains of are valid subjects of regulation by prison officials because necessarily related to prison security and discipline. Plaintiff has again failed to allege facts which state a cause of action for abuse of discretion by prison officials in regulating prison discipline and security. Carswell v. Wainwright, 413 F.2d 1044 (5th Cir. 1969).

Plaintiff next contends he and other adherents of the Buddhist religion in

the Texas Department of Corrections are being denied their First Amendment rights to free exercise of their religious beliefs. Plaintiff contends defendants will not permit him to hold Buddhist religious services for other inmates or give religious counseling. Plaintiff also contends that the State of Texas should provide Buddhist inmates of the Texas prison system with free religious books, literature, and counseling at public expense.

It is well settled that prisoners have certain rights and privileges in the religious area which the court will protect; prison authorities may not punish or discriminate against religious beliefs as such. Tilden v. Pate, 390 F.2d 614 (7th Cir. 1968). However, various religious practices of prisoners, as distinguished from their religious beliefs, may properly be the subject of legitimate administrative regulation and control, so long as particular religious groups are not improperly discriminated against and the action taken is not arbitrary or unreasonable. Long v. Parker, 390 F.2d 816 (3rd Cir. 1968); Cooper v. Pate, 382 F.2d 518 (7th Cir. 1968). Plaintiff's contention that he be allowed to hold religious services and dissiminate religious information fails to state a cause of action upon which relief can be granted. Carswell v. Wainwright, supra. I find this issue one which particularly requires a wide degree of discretion on the part of prison officials in the administration of prison discipline and security; no exceptional circumstances are presented which would warrant intervention. There are many reasons why one prisoner should not counsel another in legal and religious matters. One which comes to mind quickly is the "influence" and "control" which one inmate might gain over another. Such a situation on a large scale could lead to a "convict-run" and not a state-controlled prison system. See Novak v. Beto and Cruz v. Beto, 320 F.Supp. 1206 (S.D.Tex.1970). Decisions in this area should be left to the sound discretion of prison administrators.

Whether the State of Texas should furnish plaintiff with free religious books, literature, and counseling is another issue best left to the sound discretion of prison officials. That inmates should be able to purchase religious books and literature and correspond with religious leaders is well settled in law. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Cooper v. Pate, 382 F.2d 518 (7th Cir. 1967); Richey v. Wilkins, 335 F.2d 1 (2nd Cir. 1964). However, whether the state should financially support plaintiff in the practice of his rather unusual religion is another matter. What privileges the state affords one particular religious group it must afford to all, provided prison discipline and security are not affected. Plaintiff has failed to show defendants, upon request, would deny to Buddhists those privileges which they provide to other religious sects. Plaintiff has failed to show what privileges Buddhists are denied that are extended to other religious groups. Finally, plaintiff has failed to show prison officials have abused their wide discretion in handling prison discipline and security in this particular instance. Valid disciplinary and security reasons not known to this court may prevent the "equality" of exercise of religious practices in prison. Abernathy v. Cunningham, 393 F.2d 775 (4th Cir. 1968); Sostre v. McGinnis, 334 F.2d 906 (2nd Cir. 1964), cert. den. 379 U.S. 892, 85 S. Ct. 168, 13 L.Ed.2d 96 (1964). These, again, are matters best left to prison administrators. Plaintiff has failed to state a cause of action. Carswell v. Wainwright, supra.

Plaintiff's claims having failed to state a cause of action upon which relief can be granted under 42 U.S.C. § 1983, it is ordered that defendants' motion to dismiss be, and the same hereby is, granted.