**Fred A. CRUZ, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 71–1613

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 15, 1971.

Lonnie W. Duke, San Antonio, Tex., for petitioner-appellant; Rivera & Ritter, San Antonio, Tex., of counsel.

Crawford C. Martin, Atty. Gen. of Tex., Gilbert J. Pena, Larry J. Craddock, Asst. Attys. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM,[1] COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Fred Arispe Cruz is an inmate of the Texas Department of Corrections. Alleging jurisdiction under Title 28, U.S.C., Section 1343, Title 42, U.S.C., Section 1983, and Title 28, U.S.C., Section 2201, Cruz brought this suit against Dr. Beto, the Director of the Texas Department of Corrections, in the federal district court[2] seeking injunctive, pecuni-

---

* [1] Rule 18, 5 Cir.; See Isbell v. Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. Judge Wisdom participated in the decision to place this case on the Summary Calendar and to affirm the judgment of the court below. He did not participate in the preparation or rendition of this opinion, Title 28, U.S.C., § 46(d).

2. The suit was originally filed in the Eastern District of Texas, since Cruz was confined at a state penal institution at Tyler in that district. Leave was granted by that court to proceed in forma pauperis. Cruz was later transferred within the Texas penal system to an institution near Houston, and his lawsuit, was accordingly transferred to the Southern District of Texas, where it was disposed of by the judgment appealed from.

ary, and declaratory relief with regard to certain alleged practices and policies of the Department of Corrections which were claimed to deprive Cruz and other inmates similarly situated of rights guaranteed under the federal constitution.

The complaint alleged:

1. The officials of the Texas Department of Corrections were obstructing Cruz's efforts to adhere to the tenets of his religious faith, Buddhism, and were refusing to permit Cruz and other imprisoned Buddhists to use the prison chapel and similar facilities for the practice of Buddhism, even though the prison authorities were actively encouraging the observance of Jewish, Roman Catholic, and Protestant rituals and practices among the prison population;

2. The officials of the Texas Department of Corrections were denying Cruz and others similarly situated their rights to full and adequate access to the courts by limiting and restricting each inmate's legal research activities to two hours a day, six days a week; and

3. The officials of the Texas Department of Corrections were depriving Cruz and other members of his class of their First Amendment right to stay informed on the state of local and national affairs by denying them access to radio, television, newspapers, and magazines during the times they were put in isolation or in solitary confinement for disciplinary reasons.

The lower court granted the respondent's motion to dismiss, ruling that Cruz's complaint failed to state a claim upon which relief could be granted. See Cruz v. Beto, Director, etc., S.D. Texas 1970, 329 F.Supp. 443. The petitioner-appellant Cruz has failed to demonstrate to us on appeal that the order of dismissal below was erroneous in any respect.

Affirmed.