COMMONWEALTH *vs.* MICHAEL CHANDLER. February 29, 1984. *Practice, Criminal,* Examination of jurors, Instructions to jury, Conduct of prosecutor. *Homicide.*

The defendant appeals from his conviction of manslaughter (see G. L. c. 265, § 13), assigning as error (1) the judge's refusal to question the jurors, individually, on their attitudes toward the right to use a weapon in self-defense and evidence of flight, (2) certain of the judge's jury instructions, and (3) certain instances of prosecutorial misconduct. We affirm.

The defendant was arrested following a shooting in South Boston on the night of March 14, 1982, and subsequently indicted for first degree murder. The defendant admitted the shooting and asserted self-defense as justification.

1. Before impanelment of the jury, defense counsel requested that the judge address a number of questions to each prospective juror. The judge agreed to ask several of the questions, including a question whether the juror would be influenced by the defendant's possession of a legal permit to carry a handgun and his act of carrying a handgun. However, the judge declined to ask each juror whether he held beliefs on the right to use a weapon in self-defense or in defense of another, which would influence his decision on the case, or whether he would be influenced by the defendant's flight from the Commonwealth.[1] The defendant contends that, in refusing to ask those questions, the judge abused his discretion.

We disagree. General Laws c. 234, § 28, imposes upon the trial judge a duty to examine jurors fully with respect to possible bias or prejudice only when it appears that there is a substantial risk that jurors might be influenced by factors extraneous to the evidence presented to them. *Commonwealth* v. *Dickerson*, 372 Mass. 783, 792-793 (1977). *Commonwealth* v. *Hennessey*, *ante* 160, 166 (1983). The defendant did not provide the judge with any information indicating that such a "substantial risk" was present, see *Commonwealth* v. *Campbell*, 378 Mass. 680, 696 (1979); *Commonwealth* v. *Hennessey*, *supra* at 166, nor did the nature and posture of the case indicate that "racial bias or any similarly indurated and pervasive prejudice" might be at work. *Commonwealth* v. *Lapka*, 13 Mass. App. Ct. 24, 34 (1982), quoting from *Commonwealth* v. *Bailey*, 370 Mass. 388, 399 (1976). See *Commonwealth* v. *Shelley*, 381 Mass. 340, 352 (1980). Compare *Commonwealth* v. *Sanders*, 383 Mass. 637, 638-641 (1981); *Commonwealth* v. *Hobbs*, 385 Mass. 863, 872-875 (1982).

2. The defendant contends that the trial judge erred in instructing the jury that the deliberate premeditation necessary for a conviction of first degree murder may occur in "less than seconds," and in refusing to instruct the jury on involuntary manslaughter as well as voluntary manslaughter.

There was no error. Read as a whole, see *Commonwealth* v. *Perez*, 390 Mass. 308, 313 (1983), and cases therein cited, the judge's instructions on deliberate premeditation were not erroneous. See *Commonwealth* v. *Tucker*, 189 Mass. 457, 494-495 (1905). They did not have the effect of reducing the Commonwealth's burden of proof on that element. In any event, we could not find that the defendant was prejudiced by the instruction since the jury returned a verdict of manslaughter. Cf. *Commonwealth* v. *Benoit*, 389 Mass. 411, 429 (1983). Nor did the trial judge err in refusing to instruct the jury on involuntary manslaughter. "Involuntary manslaughter is an unlawful homicide unintentionally caused by an act which constitutes such a disregard of probable harmful consequences to

---

[1] We note that efforts to limit the effect and weight jurors may give to evidence of flight are properly made through a request for instructions to the jury. Such a request was made by the defendant, and the judge carefully instructed the jury on the subject.

another as to amount to wanton or reckless conduct. *Commonwealth v. Vanderpool,* 367 Mass. 743, 747 (1975), and cases cited." *Commonwealth v. Wilborne,* 382 Mass. 241, 245 n.5 (1981). There was no evidence that the shooting was unintentional or the result of wanton and reckless conduct. Cf. *Commonwealth v. Wilborne, supra* at 246; *Commonwealth v. Walden,* 380 Mass. 724, 730 (1980). To the contrary, the defendant, an experienced marksman, testified that he deliberately shot the victim in the shoulder.

3. The defendant argues that certain instances of prosecutorial misconduct were highly prejudicial and thus warrant reversal of his conviction. The defendant points specifically to the prosecutor's attempts to elicit from witnesses certain possibly prejudicial information (the defendant's employment by a distributor of "adult" magazines and the defendant's membership in a motorcycle club) which the prosecutor had agreed not to raise without first giving notice to the court, and to the prosecutor's display of a photograph of the victim's corpse to the defendant throughout cross-examination of the defendant.

Although we strongly disapprove of the prosecutor's disregard of his promise to the court, we cannot conclude that the prosecutor's conduct created a "significant danger of prejudice to the defendant." *Commonwealth v. Smith,* 387 Mass. 900, 906 (1983). The defendant's timely objections to the prosecutor's attempts to elicit the evidence were sustained. Cf. *Commonwealth v. Hinckley,* 1 Mass. App. Ct. 195, 198-199 (1973). Contrast *Commonwealth v. Hogan,* 12 Mass. App. Ct. 646, 649-650 & n.5 (1981). There is slight possibility that the jury might have drawn inferences adverse to the defendant from the questions to which the defendant objected. Cf. *Commonwealth v. Hinckley, supra.* Moreover, the defendant did not request curative instructions.

The defendant did not object to the prosecutor's display of the photograph of the victim's corpse to the defendant during cross-examination of him or to the prosecutor's remarks drawing the defendant's attention to the victim's open eyes. In any event, we conclude that the prosecutor did not create a "significant danger of prejudice to the defendant" in employing these tactics. *Commonwealth v. Smith, supra.* The defendant does not argue that the judge abused his discretion in allowing, over the defendant's objection, the introduction of the photograph depicting the victim's corpse, mostly covered by a sheet. See *Commonwealth v. Jiminez, ante* 933 (1983).

*Judgment affirmed.*

BROWN, J. (concurring). I fully concur in the result reached by the majority. I am constrained, however, to add an all too-often repeated refrain that but for the serious allegations of prosecutorial misconduct and abuse (i.e., "disregard of his promise"), this appeal would be frivolous and most likely would have been disposed of summarily under Appeals

Court Rule 1:28, as amended, 10 Mass. App. Ct. 942, effective September 25, 1980.

I reiterate the admonition of the Supreme Judicial Court: "Members of the bar, however, would be most ill-advised to consider that each departure from the norm which is not so grievous as to precipitate a reversal of a conviction sets a new and less elevated standard for lawyers' behavior. The concern of the court in this regard has been expressed repeatedly" (citations omitted). *Commonwealth* v. *Johnson,* 372 Mass. 185, 197-198 (1977). *Commonwealth* v. *Ferreira,* 381 Mass. 306, 317 (1980). And finally I add a personal note: Let's do it right the *first* time. Cf. *Commonwealth* v. *Paiva,* 16 Mass. App. Ct. 561, 563 (1983) (all parties should strive to make defendant's trial impeccable, but, it at least must not be unfair).

*Rikki J. Klieman* (*Anne V. Christman* with her) for the defendant.
*Ellen M. Donahue,* Assistant District Attorney, for the Commonwealth.