COMMONWEALTH *vs.* JOHN THOMAS McLEOD.

No. 90-P-1026.

Hampshire. March 12, 1991. - May 7, 1991.

Present: BROWN, KASS, & LAURENCE, JJ.

*Practice, Criminal*, Argument by prosecutor, Comment by prosecutor, Instructions to jury. *Evidence*, Relevancy and materiality.

Where, at the trial of indictments charging aggravated rape and kidnapping, during which the central issue was whether the alleged victim had consented to sexual intercourse, the prosecutor unfairly exploited the victim's expression of emotion, first by telling the jury that it was a "tragedy" that the victim "had to take the witness stand, sobbing and hysterical, and [had] to explain her whole humiliation in public," and then, after a bench conference prompted by an objection, by reiterating his belief that the victim's having to testify was a "tragedy" which the jury "[had] an opportunity to rectify," the effect of the prosecutor's remarks, together with the judge's lack of adequate curative instructions, was so prejudicial to the defendant as to require a new trial. [537-541]

INDICTMENT found and returned in the Superior Court Department on July 20, 1988.

The case was tried before *Lawrence B. Urbano*, J.

*Brownlow M. Speer*, Committee for Public Counsel Services, for the defendant.

*Ariane D. Vuono*, Assistant District Attorney, for the Commonwealth.

BROWN, J. In this appeal from convictions of aggravated rape and kidnapping we face once more a situation where, but for the prosecutor's failure to stay within the bounds of proper closing argument, the defendant's appeal could have been dealt with in a summary manner.[1] Instead, we must witness another prosecutor "snatching defeat from the jaws

---

[1]For an example of a similar occurrence, see *Commonwealth* v. *Chandler*, 17 Mass. App. Ct. 1022, 1024-1025 (1984) (Brown, J., concurring).

of victory." *Commonwealth* v. *Kozec*, 21 Mass. App. Ct. 355, 366 (1985) (Brown, J., concurring), *S.C.*, 399 Mass. 514 (1987). See also *Commonwealth* v. *Harris*, 11 Mass. App. Ct. 165, 176 (1981). "We think it unnecessary to explain, once again, the permissible limits of closing argument." *Commonwealth* v. *Sevieri*, 21 Mass. App. Ct. 745, 754 (1986). We have now reached the point where we cannot allow appellate counsel merely to state that "the prosecutor could have chosen his words more carefully." *Commonwealth* v. *Phoenix*, 409 Mass. 408, 427 (1991). As this court and the Supreme Judicial Court have said too many times, "[I]t is long past time for prosecutors to prepare their closing arguments carefully in order to avoid the possibility of reversals of convictions because of prosecutorial error." *Commonwealth* v. *O'Brien*, 377 Mass. 772, 778 (1979), and cases cited. *Commonwealth* v. *Mosby*, 11 Mass. App. Ct. 1, 12 (1980).

The crucial question at trial in this case was whether the victim had consented to sexual intercourse, a matter which, as might well be expected, was hotly contested. The victim, in the course of her testimony before the jury, was "crying, sobbing, simply hysterical." In his final argument the prosecutor unfairly exploited the victim's expression of emotion, first by telling the jury that it was a "tragedy" that the victim "had to take the witness stand, sobbing and hysterical, and [had] to explain her whole humiliation in public," and then, after a bench conference prompted by an objection, by reiterating his belief that this (the victim's having to testify) was a "tragedy" and commenting that they, the jury, "[had] an opportunity to rectify that [tragedy]."[2]

---

[2]The first statement was in full: "I would suggest there are two tragedies here. One tragedy happened on July 16 when she was kidnapped and raped and the other tragedy happened on Wednesday and Thursday of this week, or, excuse me, Tuesday and Wednesday of this week. And that tragedy was when [the victim] had to take the witness stand, sobbing and hysterical, and [had] to explain her whole humiliation in public."

After the bench conference, the prosecutor continued by saying: "Well, let me suggest to you that it is a tragedy what this woman went through,

In determining whether reversal is required, we follow the four-part test set out in *Commonwealth* v. *Kozec*, 399 Mass. 514, 518 (1987). As noted in *Commonwealth* v. *Cobb*, 26 Mass. App. Ct. 283, 288 n.7 (1988), seasonable objection, "[t]he first factor mentioned in the *Kozec* case, . . . appears to be of large, if not necessarily conclusive, importance upon appellate review." In the present case, unlike *Commonwealth* v. *Harris*, 11 Mass. App. Ct. at 176-177, defense counsel made a timely objection to the prosecutor's initial excursion out of bounds. The colloquy at the bench conference[3] called pursuant to that objection should have alerted the prosecutor at this juncture that he was unwisely "sail[ing] unnecessarily close to the wind." *Commonwealth* v. *Redmond*, 370 Mass. 591, 597 (1976).

The prosecutor, however, failed to heed the warning signs and alter his course, but instead immediately proceeded again beyond permissible limits. The prosecutor's argument[4] suffered from the use of inflammatory language similar to that held as requiring reversal in *Commonwealth* v. *Sevieri*, 21 Mass. App. Ct. at 753-755, where the jury "were told by the prosecutor to approach their deliberations, not as impartial evaluators of the defendant's remarks and actions, but from the [alleged sexual assault] victim's point of view."[5] Cf. *Commonwealth* v. *Harris*, 11 Mass. App. Ct. at 176-177. Prosecutors should bear in mind that when the question is *whether* the defendant committed the crime, luxuriating in

and she knew she was going to go through it before she took the stand. And albeit in some way, maybe a small way, maybe a larger way, *you have an opportunity to rectify that*" (emphasis supplied).

[3] In fairness, we note that the judge perhaps may not have heard the remark because at the outset of the bench conference he asked the prosecutor: "What did you say?"

[4] The second prong of the *Kozec* test asks, was the error limited to "collateral issues" or "did it go to the heart of the case . . . ?" *Commonwealth* v. *Kozec*, 399 Mass. at 518. *Commonwealth* v. *Cobb*, 26 Mass. App. Ct. at 287.

[5] The argument in this case may have been even worse than the one in *Sevieri* because here the prosecutor not only was seeking sympathy for the alleged victim, but also inferentially attacked the defendant for asserting his right to trial and, arguably, seemed to be calling on the jury to punish him for exercising that right.

the ghastliness of the crime and the suffering of the victim does not help to answer the question.[6] Such irrational and irrelevant comments "only serve to make it less likely that the jury will return a verdict based on fair, calm consideration of the evidence." *Commonwealth* v. *Shelley*, 374 Mass. 466, 470 (1978), and authorities cited. In addition, the combined effect of the prosecutor's two improper statements here was unmistakably to convey to the jury his personal opinion as to both the truth of the victim's testimony and the guilt of the defendant, in violation of PF 13(b) of Supreme Judicial Court Rule 3:08, Standards Relating to the Prosecution Function, as appearing in 382 Mass. 802 (1981).[7]

We again are reminded of the situation in *Commonwealth* v. *Redmond*, 370 Mass. at 597 (one of the Supreme Judicial Court's earliest advisories on improper argument), in which the court stated: "The defendant's version was not such as to excite admiration or sympathy for him. In these circumstances, particular care was needed to assure that the central issues were tried factually and dispassionately, without inflammatory diversions." See also *Commonwealth* v. *Smith*, 387 Mass. 900, 905 (1983). In the present case, the prosecutor not only "deliberately" went beyond permissible limits, as in *Redmond*, but, in addition, his subsequent remarks exacerbated the prejudice that may have arisen from his prior improper comment.

Our next task is to determine whether the judge's instructions[8] to the jury not to be swayed by emotion should "pre-

---

[6]To her credit, appellate counsel concedes that the second "comment was the equivalent of an exhortation that the jury had a duty to the victim to return verdicts of guilty." *Commonwealth* v. *Sanchez*, 405 Mass. 369, 375 (1989).

[7]We find the remarks improper without regard to the defense counsel's assertion that because of the interracial aspect of the rape there was a risk that extraneous issues would influence the jury, which these remarks could have exacerbated. Cf. *Commonwealth* v. *Clary*, 388 Mass. 583, 592 (1983) (remarks were calculated "to sweep the jurors beyond a fair and calm consideration of the evidence").

[8]The third prong of the *Kozec* test is "[w]hat did the judge tell the jury, generally or specifically, that may have mitigated the prosecutor's mistake . . . ?" *Commonwealth* v. *Cobb*, 26 Mass. App. Ct. at 287 (quoting from

serve [the] conviction in spite of the error." *Commonwealth* v. *Kozec*, 399 Mass. at 519. We cannot say with confidence that the judge's instructions mitigated the effect of the prosecutor's appeal to sympathy. See *Commonwealth* v. *Ward*, 28 Mass. App. Ct. 292, 296 (1990). Contrast *Commonwealth* v. *Porter*, 24 Mass. App. Ct. 694, 698 (1987). They were "standard, not curative." *Commonwealth* v. *Sevieri*, 21 Mass. App. Ct. at 754.

We agree with the defendant that the judge's analysis of the impropriety, as he expressed it at the second bench conference, was sound and cogent, and his chastisement of the prosecutor was forceful. But all that was at the side bar, out of the jury's hearing. The instructions the jury actually heard from the judge were lacking in "capacity actually to reach to the trouble generated in the jury's mind." *Commonwealth* v. *Hawley*, 380 Mass. 70, 86 (1980). Following the side bar conference the judge told the jury that "any verdict of jurors will not be based on sympathy, pity, bias, or prejudice, but it will be on the evidence." In the final instruction, in pertinent part, the judge rather perfunctorily told the jury that "[t]he openings and the closings of counsel are not evidence" and that they were to "decide the case solely upon the facts you find from the evidence" and not "on the basis of bias, prejudice, sympathy, or pity, but upon the evidence." See *Commonwealth* v. *Hawley*, 380 Mass. at 85; *Commonwealth* v. *Sevieri*, 21 Mass. App. Ct. at 754. Compare *Commonwealth* v. *Porter*, 24 Mass. App. Ct. at 697-698; *Commonwealth* v. *Cobb*, 26 Mass. App. Ct. at 287. These "instructions were entirely bland, without even an effort to lay special stress on the boilerplate charge that closing statements were not evidence." *Commonwealth* v. *Gallego*, 27 Mass. App. Ct. 714, 720 (1989); nor did the judge give "explicit warnings" to the jury. *Ibid.* Nothing in the judge's instruction suggested to the jury (1) that it was not a "tragedy" that the victim had had to testify before them, (2) that

---

*Commonwealth* v. *Kozec*, 399 Mass. at 518); the fourth, "generally, did the error in the circumstances possibly make a difference in the jury's conclusions?" *Ibid.*

they did not have the power to "rectify" the purported "tragedy," (3) that the offending argument to that effect was to be struck from their consideration, or (4) that the prosecutor had engaged in misconduct in making that argument to them. See and compare *Commonwealth v. Mosby*, 11 Mass. App. Ct. 1, 10 (1980).

In these circumstances, we cannot say that the improper argument did not make a difference in the jury's conclusions. Unfortunately, again we find it necessary to call attention to that often repeated but seldom followed sage advice of the Supreme Judicial Court: "Advance preparation" is not only "indispensable to good argument" but also the key to proper argument. See *Commonwealth v. Haas*, 373 Mass. 545, 557 & n.11 (1977). See also, most recently, *Commonwealth v. Phoenix*, 409 Mass. at 428, in which the Supreme Judicial Court stated: "We remind prosecutors again that '[a]dvance preparation would eliminate from our consideration most aspects of closing arguments constantly being urged as improper.' [*Commonwealth v. Smith*, 387 Mass. 900, 903 (1983)], quoting *Commonwealth v. Haas*, 373 Mass. 545, 557 (1977)."[9] Thoughtful and careful preparation would have saved the Commonwealth and this court much time and expense. Because of the prosecutor's failure so to prepare, scarce judicial resources have been needlessly wasted[10] and a victim witness will endure the emotional hurt of testifying again.

Finally, we think that in order to cure the particular type of ill found in this case a formal disciplinary procedure should be established.[11]

---

[9]Defense counsel, likewise, are not immune from criticism; they too must adhere to proper professional and ethical standards. See, e.g., *Commonwealth v. Hogan*, 12 Mass. App. Ct. 646, 653 n.10 (1981). See also *Commonwealth v. Burno*, 18 Mass. App. Ct. 796, 797 n.1 (1984).

[10]The plea for prosecutors (and all parties) to steer clear of unnecessary error and to *strive* for a fair trial has been made on numerous occasions. See, e.g., *Commonwealth v. Paiva*, 16 Mass. App. Ct. 561, 563 (1983); *Commonwealth v. Young*, 22 Mass. App. Ct. 452, 457 & n.1 (1986) (Brown, J., concurring); *Commonwealth v. Bodden*, 24 Mass. App. Ct. 135, 141 (1987) (Brown, J., concurring).

[11]See, for example, the practice in effect in another jurisdiction: "This opinion should be filed separately in the office of the Clerk of this Court,

We do not want to leave the impression that all trial prosecutors have committed similar sins. Many have never engaged in such "ill-advised rhetoric." *Commonwealth* v. *Harris*, 11 Mass. App. Ct. at 176. We merely point out that it is the disservice of the few, visited upon the many who have consistently maintained exemplary ethical conduct and a high level of professionalism, that tends to bring all prosecutors into disrepute. Justice Kaplan said it best:

> "Members of the bar, however, would be most ill-advised to consider that each departure from the norm which is not so grievous as to precipitate a reversal of a conviction sets a new and less elevated standard for lawyers' behavior. The concern of the court in this regard has been expressed repeatedly." *Commonwealth* v. *Johnson*, 372 Mass. 185, 197-198 (1977).

The defendant's challenge to other aspects of the judge's charge is of no avail.

*Judgments reversed.*

*Verdicts set aside.*

---

and indexed against the name of the [prosecutor], so that, in the event that his professional conduct in any other connection shall become a subject of inquiry, this case and this record can be referred to for such instruction as it may yield." *American Auto. Assn., Inc.* v. *Rothman*, 104 F.Supp. 655, 656 (E.D. N.Y. 1952).