## COMMONWEALTH *vs.* THOMAS WEST.

No. 96-P-1655.

Suffolk. October 10, 1997. - January 15, 1998.

Present: BROWN, LAURENCE, & SPINA, JJ.

*Practice, Criminal,* Argument by prosecutor, Conduct of prosecutor, Fair trial.

The persistent and flagrant improper remarks of a prosecutor in closing argu-
    ment prejudiced the defendant and warranted the grant of a new trial.
    [150-153]

INDICTMENTS found and returned in the Superior Court Depart-
ment on February 11, 1994.

The cases were tried before *Vieri Volterra*, J.

*Larissa Kiers* for the defendant.

*Joseph M. Makalusky*, Assistant District Attorney, for the
Commonwealth.

BROWN, J. We are again presented with another in a long line
of cases where the prosecutor in his closing speech has suc-
ceeded in snatching defeat from the jaws of victory. See, e.g.,
*Commonwealth* v. *McLeod*, 30 Mass. App. Ct. 536, 536-537
(1991). As we are unable to conclude with the requisite level of
confidence that the defendant was not prejudiced unfairly or
materially by the prosecutor's grave and numerous transgres-
sions in his closing argument, the defendant is entitled to a new
and fairer trial. The circumstances of this case are controlled in
material respects by *Commonwealth* v. *Loguidice*, 36 Mass.
App. Ct. 940 (1994), *S.C.*, 420 Mass. 453 (1995). See *Com-
monwealth* v. *Clary*, 388 Mass. 583, 589-594 (1983); *Com-
monwealth* v. *McLeod*, *supra* at 538-541. See also *Com-
monwealth* v. *Santiago*, 425 Mass. 491, 500 (1997).

We would be less inclined to grant the defendant a new trial
if the prosecutor's remarks had not been persistent and flagrant.
Compare *Commonwealth* v. *Snow*, 30 Mass. App. Ct. 443, 448

(1991). Nor are we faced with a "solitary comment [that] was unlikely to have influenced the jury." *Commonwealth* v. *LaFontaine*, 32 Mass. App. Ct. 529, 537 (1992). Compare *Commonwealth* v. *Pearce*, 43 Mass. App. Ct. 78, 81-84 (1997).

Here, the defendant challenges four aspects of the Commonwealth's closing argument. The prosecutor's missteps may appropriately be viewed collectively. "The prejudicial impact of the prosecutor's charge should be assessed by looking at the combined effect of all his errors." *Commonwealth* v. *Borodine*, 371 Mass. 1, 11 (1976), cert. denied, 429 U.S. 1049 (1977). See *Commonwealth* v. *Clary*, 388 Mass. at 594 ("combined effect of . . . three improper arguments by the prosecutor was sufficiently prejudicial to create a substantial risk of [a] miscarriage of justice"). See also *Commonwealth* v. *DeMars*, 42 Mass. App. Ct. 788, 790-791 (1997), *S.C.*, 426 Mass. 1008 (1998).

The Commonwealth commendably concedes that two of the four challenged remarks exceeded the bounds of proper argument — the first and last of the four remarks discussed below.[1] The Commonwealth, however, again is forced to rely on the judge's curative instructions to excuse its transgressions. Put differently, the judge is called upon to "unring the bell." "In such circumstances we have a duty to be skeptical as to the effectiveness of limiting instructions." *Commonwealth* v. *Redmond*, 370 Mass. 591, 597 (1976). See *Commonwealth* v. *Killelea*, 370 Mass. 638, 648 (1976).

(a) As part of his closing argument, the trial prosecutor indicated to the jury that some testimony came "[t]oo quick[ly] for me to jump up and say objection, hearsay, that's not supposed to come in. I couldn't even do it. It came in."

By stating that evidence should not have come into the record, the prosecutor cast his own personal opinion of that evidence. It is impermissible for a trial counsel to inject his or her own credibility or personal beliefs into closing argument. *Commonwealth* v. *Thomas*, 401 Mass. 109, 114-116 (1987). The defendant objected immediately and moved for a mistrial. The judge sustained the objection, denied the motion, and gave a curative instruction.

(b) The defendant next complains that the prosecutor distorted the defendant's theory of defense by asserting that "[d]efense counsel's theory of defense centered on the defendant's alibi and in the alternative, that the shooter [whoever that might have been] hit the victim in the legs and therefore did not commit

---

[1]Appellate counsel was not the trial prosecutor.

armed assault with intent to murder." There was no objection to this remark. In his final charge,[2] the judge did acknowledge that the remark was "totally inappropriate." See and compare *Commonwealth* v. *Simmons*, 20 Mass. App. Ct. 366, 370-371 (1985).

(c) The defendant further contends that the trial prosecutor improperly articulated a theme of fear throughout his closing argument, making repetitive suggestions that the defendant had placed witnesses in fear. See and compare *Commonwealth* v. *Hogan*, 375 Mass. 406, 408 (1978). No such evidence was presented to the jury in this respect. The defendant objected and moved for a mistrial. The judge denied the defendant's motion, but did not give an immediate curative instruction. Compare *Commonwealth* v. *Westerman*, 414 Mass. 688, 701 (1993) (judge specifically addressed improper remark, ordered the jury not to consider it, and ordered it struck). Later, the judge addressed this matter in his closing instructions.

(d) The defendant further suggests that the prosecutor improperly employed "racial overtones" in characterizing a defense witness.[3] We recently said that "[i]t is at least possible that even a totally benign reference to group membership may awaken or even exacerbate latent biases among some jurors. For this reason, prosecutors would be well advised to steer . . . clear of making such characterizations in future cases to avoid the possibility of needless retrials." *Commonwealth* v. *Berrio*, 43 Mass. App. Ct. 836, 842 (1997). See *Commonwealth* v. *Lara*, 39 Mass. App. Ct. 546, 551-552 (1995).

While it is not clear that the trial prosecutor used the comments as a catalyst for racial prejudice, the remarks certainly were not relevant to the issues before the jury, and they should not have been made. Although the defendant failed to object, defense counsel for the codefendant asked for a side bar conference, at which point the judge *halted* this line of the prosecutor's summation, stating that, "I don't think this is appropriate. I

---

[2]For the most part, this instruction, as well as the others, tended to be more of the "boilerplate" variety, rather than "tailored" or "pointed" at the offending language. See *Commonwealth* v. *Ward*, 28 Mass. App. Ct. 292, 296-297 (1990), and cases cited therein.

[3]The prosecutor's closing remarks included these observations: "And so apparently [the witness] felt that because he was a young black male, I was trying to stereotype him in some way. Apparently it did not dawn on [the witness] that perhaps some of the attitude that I had toward him had something to do with the fact that he sleeps until noon."

think it's perilous. You should get on to other things." There was no immediate curative instruction, however.

In sum, in light of our appellate courts' numerous admonitions[4] not to "sail[] unnecessarily close to the wind" (*Commonwealth* v. *Redmond*, 370 Mass. at 597), we think that three, and perhaps four, missteps on the part of the prosecutor provide abundant justification for ordering a new trial. See, e.g., *Commonwealth* v. *Clary*, 388 Mass. at 594.

*Judgments reversed.*

---

[4]"For example, see the embarrassingly long and ancient list [of improper closing arguments] 'culled from the reports of just the past two years [1975-1976]' in *Commonwealth* v. *Earltop*, 372 Mass. 199, 205-206 n.1 (1977) (Hennessey, C. J., concurring)." *Commonwealth* v. *Loguidice*, 36 Mass. App. Ct. 940, 940 n.4 (1994). See *Commonwealth* v. *Redmond*, 370 Mass. 591 (1976); *Commonwealth* v. *Killelea*, 370 Mass. 638 (1976), both reversing in 1976. For a more recent case, see *Commonwealth* v. *Santiago*, 425 Mass. 491 (1997). See also Kantrowitz, Connelly, & Bush, Closing Arguments: What Can and Cannot Be Said, 81 Mass. L. Rev. 95 (1996).