NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-513

COMMONWEALTH

vs.

CHRISTOPHER PIKE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Christopher Pike, was convicted of rape of a child, aggravated by a ten-year age differential, in violation of G. L. c. 265, § 23A; indecent assault and battery on a child, in violation of G. L. c. 265, § 13B; accosting or annoying another person, in violation of G. L. c. 272, § 53; and furnishing liquor to a person under twenty-one (two indictments), in violation of G. L. c. 138, § 34. On direct appeal, the defendant argues that defense counsel was ineffective and that the prosecutor's closing argument was improper. We affirm.

1. <u>Ineffective assistance</u>. The defendant shared a home with the victim, who was thirteen years old at the time of the crimes; the victim's mother, who was his romantic partner; and their younger daughters, the victim's sisters and stepsisters.

The defendant argues that his trial attorneys provided ineffective assistance of counsel because they elected to call the victim's mother as a witness on the defendant's behalf, a strategic decision that, in hindsight, was more harmful than beneficial to his case.

The defendant raises this claim for the first time on direct appeal without having filed a motion for new trial. Raising an ineffective assistance claim in this manner is disfavored. See Commonwealth v. Zinser, 446 Mass. 807, 810-811 (2006). "[A]n ineffective assistance of counsel challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions . . . ." Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002). A narrow exception permits the appellate court to decide ineffective assistance claims "when the factual basis of the claim appears indisputably on the trial record." Zinser, supra at 811, quoting Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994).

It is also well established that "'the distorting effects of hindsight' must be avoided in evaluating a claim made after a trial in which attorney's defense strategy was proved unsuccessful." Commonwealth v. Valentin, 470 Mass. 186, 189 (2014), quoting Strickland v. Washington, 466 U.S. 668, 689 (1984). Rather, we must evaluate whether it is apparent from

2

the record before us that, at the time of the decision to call the mother as a witness, "an ordinary fallible lawyer" would not have done so.  Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  The record, however, provides no basis whatsoever to evaluate the wisdom of counsel's decision.  In the absence of affidavits or evidence developed in connection with a new trial motion, we do not know what factors counsel considered in deciding to call the mother as a witness, what counsel hoped to accomplish, whether counsel interviewed the mother before making the decision, what she might have told counsel during any interviews, what other preparation counsel might have done, and whether the mother's testimony at trial differed from what defense counsel reasonably expected.  The record does show that the Commonwealth chose not to call the mother as a witness in its case-in-chief, which inferentially provides a basis for thinking that her testimony might have been expected to help the defense.  Simply put, the trial record does not indisputably show ineffective assistance of counsel.[1]

---

[1] The mother's testimony on cross-examination to the effect that there was an unspecified order in place requiring the defendant's visits with the couple's five year old daughter to be supervised was not admitted in error and did not create a substantial risk of a miscarriage of justice.  On direct examination, the defendant elicited testimony from the mother implying that she and the Probate Court permitted unsupervised sleepovers.  The mother's testimony that the visits were supposed to be supervised was permissibly admitted to clarify

2.  Closing argument.  The defendant argues for the first time on appeal that the prosecutor made an impermissible attempt to evoke the jurors' sympathy and emotions by arguing that the victim lost certain benefits -- such as living with her extended family, elaborate vacations and birthday parties, a better school situation, and a private swimming pool -- by coming forward with allegations against the defendant.[2]

The argument was not improper.  In his summation, defense counsel argued that the victim lied about the defendant sexually abusing her because she hated him and wanted to prevent her mother from marrying him -- and that "[i]t worked."  In response to the defendant's argument as to what the victim had to gain from making up allegations against him, the prosecutor countered that she had much to lose.  "A prosecutor is entitled to respond to an argument made by the defense at closing."  Commonwealth v.

_____

the false impression created by the defendant's questioning on direct.

[2] The defendant did not make this objection at trial. Counsel's objection to "all of it," that is, everything the prosecutor said in closing, was not sufficient to preserve the issue.  "The purpose of requiring an objection is to afford the trial judge an opportunity to act promptly to remove from the jury's consideration evidence which has no place in the trial." Commonwealth v. Lenane, 80 Mass. App. Ct. 14, 19 (2011), quoting Abraham v. Woburn, 383 Mass. 724, 726 n.1 (1981).  The defendant's objection did not give the judge this opportunity. Because we discern no error, however, the fact that we review under the substantial risk of miscarriage of justice standard rather than the prejudicial error standard makes no difference here.

4

Mason, 485 Mass. 520, 539 (2020).  This prosecutor's argument was a fair, evidence-based response to the defendant's argument, "made for reasons other than to evoke sympathy or emotion." Commonwealth v. Hall, 66 Mass. App. Ct. 390, 397 (2006).  This line of argument simply does not equate with "luxuriating in the ghastliness of the crime and the suffering of the victim." Commonwealth v. McLeod, 30 Mass. App. Ct. 536, 538-539 (1991).

Judgments affirmed.

By the Court (Vuono, Massing & Toone, JJ.[3]),

Anne M. Thomas
Assistant Clerk

Entered:  April 4, 2024.

---

[3] The panelists are listed in order of seniority.